Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendants,
QUALITY CARRIERS, INC. AND QUALITY DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated, | Case No.: 2:20-cv-00479-JFW-JPR |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL** |
| QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through 100, inclusive, | Hearing:<br>Time:        1:30 pm<br>Ctrm:       7A<br>Judge:      Hon. Judge John F. Walter |
| Defendants. | |

Defendants, Quality Carriers, Inc. ("Quality Carriers") and Quality Distribution, Inc. ("Quality Distribution"), under Rules 8 and 12 of the Federal Rules of Civil Procedure, respectfully submit this Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"). Defendants deny each and every allegation contained in the Complaint except those specifically admitted as being true below.

//

# I.

## ANSWER

### INTRODUCTION

1.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through 50 inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly conduct business in California. Further, no federal question is at issue because the claims are based solely on California law.

**Answer:** Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.     Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Los Angeles, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of Los Angeles.

**Answer:** Defendants deny the allegations contained in paragraph 2 of the Complaint.

### PLAINTIFF

3.     PLAINTIFF is a male resident of the State of California and an employee of DEFENDANTS.

**Answer:** Defendants deny that they employed Plaintiff. Defendants lack sufficient information to know whether Plaintiff is a resident of the state of California

and therefore deny that allegation. Defendant denies the remainder of the allegations in paragraph 3 of the Complaint.

4.      PLAINTIFF, on behalf of himself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

**Answer:** Defendants admit Plaintiff seeks to certify a class, but deny that class certification is appropriate under Fed. R. Civ. P. 23, and deny the remainder of the allegations in paragraph 4 of the Complaint.

5.      Plaintiff brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees, including but not limited to those misclassified as independent contractors, of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

**Answer:** Defendants admit Plaintiffs seek to certify a class, but deny that class certification is appropriate under Fed. R. Civ. P. 23, and deny the remainder of the allegations in paragraph 5 of the Complaint.

## DEFENDANTS

6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT QUALITY CARRIERS, INC. is, and at all times relevant hereto was, an Illinois Corporation organized and existing under the laws of the State of Illinois. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT QUALITY CARRIERS, INC is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT QUALITY CARRIERS, INC maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

**Answer:** Defendants admit Quality Carriers is an Illinois corporation, that it is authorized to conduct business in the state of California, and that it does conduct business in the state of California. Defendants deny the remainder of the allegations contained in paragraph 6 of the Complaint.

7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT QUALITY DISTRIBUTION, INC. is, and at all times relevant hereto was, a Florida Corporation organized and existing under the laws of the State of Florida. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT SECOND QUALITY DISTRIBUTION, INC. is not authorized to conduct business in the State of California, but does conduct business in the State of California. Specifically, DEFENDANT QUALITY DISTRIBUTION, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

**Answer:** Defendants admit Quality Distribution is a Florida corporation, but denies the remainder of the allegations contained in paragraph 7 of the Complaint.

8.      The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious names. PLAINTIFF is informed and believe, and thereon allege, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in an integrated enterprise with each other. Additionally, all of the DEFENDANTS were joint employers of PLAINTIFF.

**Answer:** Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      There exists, and at all times herein mentioned existed, a unity of interest and  ownership between the named DEFENDANTS, including DOES, such that any corporate individuality and separateness between the named defendants has ceased, and that the named Defendants are alter egos in that the named DEFENDANTS effectively operate as a single enterprise, or are mere instrumentalities of one another.

**Answer:** Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.     At all material times herein, each DEFENDANT was the agent, servant, co-conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope, and course of said agency, service, conspiracy and/or employment and with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and ratified and approved the acts of the other DEFENDANTS. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

**Answer:** Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that DEFENDANTS engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of DEFENDANTS' ordinary business and affairs.

**Answer:** To the extent paragraph 11 contains any allegations to which a response is required, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. As to the conduct alleged herein, each act was authorized, ratified or directed by DEFENDANTS' officers, directors, or managing agents.

**Answer:** Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work

off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

**Answer:** Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     PLAINTIFF is informed and believes, and thereon alleges, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

**Answer:** Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

**Answer:** Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**Answer:** Defendants deny the allegations contained in paragraph 16 of the Complaint.

**JURISDICTION AND VENUE**

17.     The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State California, and DEFENDANTS are qualified to do business in California and/or regularly conduct business in California: Further, no federal question is at issue because the claims are based solely on California law.

   **Answer:** Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     Venue is proper in this judicial district and the County of Los Angeles, California because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in the County of Angeles, and DEFENDANTS' illegal payroll policies and practices, which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated in the County of Los Angeles.

   **Answer:** Defendants deny the allegations contained in paragraph 18 of the Complaint.

**CLASS ACTION ALLEGATIONS**

19.     This action is appropriately suited for a Class Action because:

   a.     The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

   b.     This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

1    c.    The claims of the PLAINTIFF are typical of the class because
2  DEFENDANTS subjected all of their hourly employees to the identical violations of
3  the California Labor Code and California Business and Professions Code.

4    d.    PLAINTIFF is able to fairly and adequately protect the interests of all
5  members of the class because it is in his best interests to prosecute the claims alleged
6  herein to obtain full compensation due to them for all services rendered and hours
7  worked.

8    **Answer:** Defendants deny the allegations contained in paragraph 19 of the
9  Complaint.

10
11              **CLASS ACTION**
12           **FIRST CAUSE OF ACTION**
13       **Failure to Provide Required Meal Periods**
14      **[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197;**
15           **IWC Wage Order No. 9-2001, § 11]**
16             **(Against All DEFENDANTS)**

17    20.    PLAINTIFF incorporates herein by specific reference, as though fully set
18  forth, the allegations in the foregoing paragraphs.

19    **Answer:** Defendants incorporate by reference their responses to paragraphs 1
20  through 19 of the Complaint as if fully set forth herein.

21

22    21.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll
23  policies and practices to deprive their non-exempt employees all wages earned and due,
24  DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS
25  MEMBERS to take less than the 30-minute meal period, or to work through them, and
26  have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS
27  MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-
28  2001, § 11.

**Answer:** Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.   DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

**Answer:** Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.   DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 8 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

**Answer:** Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.   As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

**Answer:** Defendants deny the allegations contained in paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]

### (Against All DEFENDANTS)

25.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

**Answer:** Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

**Answer:** Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

1   **Answer:** Defendants deny the allegations contained in paragraph 28 of the

2   Complaint.

3

4   **THIRD CAUSE OF ACTION**

5   **Failure to Pay Overtime Wages**

6   **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

7   **(Against All DEFENDANTS)**

8   29.   PLAINTIFF incorporates herein by specific reference, as though fully set

9   forth, the allegations in the foregoing paragraphs.

10   **Answer:** Defendants incorporate by reference their responses to paragraphs 1

11   through 28 of the Complaint as if fully set forth herein.

12

13   30.   Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order

14   No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS

15   MEMBERS for all overtime, which is calculated at one and one-half (1 1/2) times the

16   regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty

17   (40) hours per week, and for the first eight (8) hours on the seventh consecutive

18   workday, with double time for all hours worked in excess of twelve (12) hours in any

19   workday and for all hours worked in excess of eight (8) hours on the seventh

20   consecutive day of work in any workweek.

21   **Answer:** Defendants deny the allegations contained in paragraph 30 of the

22   Complaint.

23

24   31.   PLAINTIFF and CLASS MEMBERS are current and former non-exempt

25   employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC

26   Wage Order No. 9-2001. During the CLASS PERIOD, DEFENDANTS failed to

27   compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as

28   required under the foregoing provisions of the California Labor Code and IWC Wage

Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLA1NTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

   **Answer:** Defendants deny the allegations contained in paragraph 31 of the Complaint.

   32.   In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

   **Answer:** Defendants deny the allegations contained in paragraph 32 of the Complaint.

   33.   DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them

by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**Answer:** Defendants deny the allegations contained in paragraph 33 of the Complaint.

## FOURTH CAUSE OF ACTION
### Failure to Pay Minimum Wages
### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]
### (Against All DEFENDANTS)

34.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

**Answer:** Defendants admit California law requires employers to pay employees the minimum wage for hours worked, but Defendants deny Plaintiff was entitled to payment of the minimum wage because Defendants did not employ Plaintiff. Defendants deny the remainder of the allegations contained in paragraph 35 of the Complaint.

36.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain

PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

**Answer:** Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

**Answer:** Defendants deny the allegations contained in paragraph 37 of the Complaint.

## FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Due to Discharged or Quitting Employees
### [Cal. Labor Code §§ 201, 202, 203]
### (Against All DEFENDANTS)

38. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.

California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

**Answer:** Defendants admit California Labor Code § 201(a) states, in part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Defendants deny any allegation that they violated Section 201, and further deny the remaining allegations contained in paragraph 39 of the Complaint.

40.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

**Answer:** Defendants admit California Labor Code § 202(a) states, in part: "(a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Defendants deny any allegation that they violated Section 202, and further deny the remaining allegations contained in paragraph 40 of the Complaint.

41.    California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

**Answer:** Defendants admit that under Cal. Lab. Code § 203, an employee can seek waiting time penalties from an employer in certain circumstances. Defendants deny Plaintiff is entitled to waiting time penalties in this case. Defendants deny the remainder of the allegations contained in paragraph 41 of the Complaint.

42.   During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

**Answer:** Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.   As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

**Answer:** Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.   As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

**Answer:** Defendants deny the allegations contained in paragraph 44 of the Complaint.

# SIXTH CAUSE OF ACTION

## Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 9-2001, § 7]

### (Against All DEFENDANTS)

45.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

 **Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 9-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

 **Answer:** Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Answer:** Defendants deny the allegations contained in paragraph 47 of the Complaint.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**

**[Cal. Labor Code §§ 226; IWC Wage Order No. 9-2001, § 7]**

**(Against All DEFENDANTS)**

48.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 9-2001, § 7.

**Answer:** Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

**Answer:** Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**Answer:** Defendants deny the allegations contained in paragraph 51 of the Complaint.

**EIGHTH CAUSE OF ACTION**

**Failure to Indemnify Employees for Necessary Expenditures**

**Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against All DEFENDANTS)**

52.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

**Answer:** Defendants admit California Labor Code § 2802(a) states the following: "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Defendants deny any allegation that they violated this statute or that Plaintiff is entitled to recovery under this statute. Defendants deny the remainder of the allegations in paragraph 53 of the Complaint.

54.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

**Answer:** Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

**Answer:** Defendants deny the allegations contained in paragraph 55 of the Complaint.

## NINTH CAUSE OF ACTION
### Unlawful Wage Deductions
### [Cal. Labor Code §§ 221, 223, 400-410; IWC Wage Order No. 9-2001, § 8]
### (Against All DEFENDANTS)

56.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     California Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

**Answer:** Defendants admit paragraph 57 accurately quotes Cal. Lab. Code § 221 but deny that Defendants violated that statute or that Plaintiff is entitled to recover under that statute. Defendants deny the remainder of the allegations contained in paragraph 57 of the Complaint.

58.     California Labor Code § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

**Answer:** Defendants admit paragraph 57 accurately quotes Cal. Lab. Code § 222.5 but deny that Defendants violated that statute or that Plaintiff is entitled to recover under that statute. Defendants deny the remainder of the allegations contained in paragraph 58 of the Complaint.

59. California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

**Answer:** Defendants admit paragraph 57 accurately quotes Cal. Lab. Code § 223 but deny that Defendants violated that statute or that Plaintiff is entitled to recover under that statute. Defendants deny the remainder of the allegations contained in paragraph 59 of the Complaint.

60. California Labor Code §§ 400-410 provide the limited circumstances under which an employer can exact a cash bond from its employees and are designed to protect employees from taking or misappropriating employee funds held by the employer in trust.

**Answer:** Defendants admit that California Labor Code §§ 400-410 comprise an article of the California Labor Code entitled Bonds and Photographs. Defendants deny that they violated California Labor Code §§ 400-410 and deny the remainder of the allegations contained in paragraph 60 of the Complaint.

61. IWC Wage Order No. 9-2001, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

**Answer:** Defendants admit that IWC Wage Order No. 9-2001, § 8, states: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee." Defendants deny any allegation that they

violated this provision or that Plaintiff is entitled to recovery under this provision. Defendants deny the remainder of the allegations contained in paragraph 61 of the Complaint.

62.     These and related statutes reflect California's fundamental and substantial public policy protecting employee wages. Specifically, these and related statutes are designed to prohibit and prevent employers from using deductions or other similar practices to drive down the wage scale, indirectly paying employees less than the stated wage, subjecting employees to unanticipated or unpredicted reductions in their wages, making employees the insurers of their employer's business losses, or otherwise passing the ordinary business losses of the employer onto the employee.

**Answer:** Paragraph 62 does not contain a factual allegation to which a response is required under Rules 8 and 12. To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     During the CLASS PERIOD, DEFENDANTS routinely made unlawful deductions from the compensation paid to the PLAINTIFF and CLASS MEMBERS for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the PLAINTIFF's and CLASS MEMBERS' dishonest or willful act, or to the gross negligence of the PLAINTIFF and CLASS MEMBERS in violation of California Labor Code §§ 221, 222.5, 223, 400-410 and IWC Wage Order No. 9-2001, § 8.

**Answer:** Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.

Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

**Answer:** Defendants deny the allegations contained in paragraph 64 of the Complaint.

**TENTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against All DEFENDANTS)**

65.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements and to maintain required records, DEFENDANTS' practice of making unlawful deductions from employees' wages, and DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties constitutes

unfair and unlawful business practices under California Business and Professions Code § 17200 et seq.

    **Answer:** Defendants deny the allegations contained in paragraph 66 of the Complaint.

    67.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

    **Answer:** Defendants deny the allegations contained in paragraph 67 of the Complaint.

    68.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

    **Answer:** Defendants deny the allegations contained in paragraph 68 of the Complaint.

    69.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

    **Answer:** Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

**Answer:** Defendants deny the allegations contained in paragraph 70 of the Complaint.

### Additional Facts Regarding a Representative Action for Civil Penalties

71.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs, with exception to the allegations concerning class action designation, paragraph 19 (a-d).

**Answer:** Defendants incorporate by reference their responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on October 3, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.

**Answer:** Defendants admit they received a letter from Plaintiff's counsel on October 3, 2019, but deny the remainder of the allegations contained in paragraph 72 of the Complaint.

## II.

## AFFIRMATIVE DEFENSES

Defendants, under Fed. R. Civ. P. 8(c), and for their affirmative defenses to the Complaint, state the following:

1.    The Complaint should be dismissed because each claim set forth in the Complaint fails to state a claim upon which relief can be granted.

2.    All of Plaintiff's claims fail because he was an independent contractor, not an employee.

3.    The Complaint should be dismissed because (a) there are administrative remedies available to Plaintiff, (b) Plaintiff is required to pursue these administrative remedies before bringing claims against Defendants, and (c) Plaintiff has failed to exhaust these administrative remedies before filing suit.

4.    The Complaint should be dismissed because questions regarding the benefits and protections to which Plaintiff claims to have been entitled, including Plaintiff's entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary jurisdiction of certain California state and/or federal administrative agencies.

5.    This Court lacks personal jurisdiction over Quality Distribution. Moreover, the Court lacks personal jurisdiction over both Defendants with respect to the claims of certain putative class members, including those who reside or primarily worked outside the state of California. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773 (2017).

6.    Defendants deny that Plaintiff was Defendants' employee, but even if he was, to the extent he seeks the payment of overtime, Plaintiff is exempt from the payment of overtime under Section 3(L) of the IWC Wage Order No. 9-2001.

7.    Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

8.    Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

9. Plaintiff's claims must be dismissed to the extent they relate to work activities performed (including business expenses incurred) outside of California because the California Labor Code does not apply to work activities performed outside the state.

10. The business practices alleged in the Complaint are not "unfair," "unlawful," or "fraudulent" as those terms are defined and utilized in California Business & Professions Code § 17200 (the "UCL").

11. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

12. Some or all of Plaintiff's claims should be reduced by the doctrine of set off.

13. Plaintiff has been fully compensated for any wages owed and, by accepting the payments made, has effectuated an accord and satisfaction of his claims.

14. All actions taken by Defendants towards Plaintiff were lawful and not in violation of public policy.

15. To the extent Plaintiff seeks to recover equitable relief, Plaintiff is not entitled to such relief because (a) he has an adequate remedy at law and (b) he lacks standing.

16. Even assuming for the sake of argument that Defendants violated a statute in the California Labor Code or California Business & Professions Code or an Industrial Welfare Commission Wage Order, any such violation was a result of an act or omission in good faith, and Defendants had reasonable grounds for believing such act or omission was not a violation of any statute, order, regulation or policy. Thus, some or all of Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because Defendants have not intentionally or willfully failed to pay such additional compensation. Likewise, Plaintiff's claim under California Labor Code §§ 201-203 is barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed under California Labor Code §§ 201,

202 and 203; (b) Defendants have not intentionally or willfully failed to pay each additional compensation, and (c) to impose penalties in this action would be inequitable and unjust.

17.    Any claim for penalties is unconstitutional under the U.S. Constitution and the California Constitution.

18.    The UCL is unconstitutional, vague, and over broad in the manner in which Plaintiff claims that it applies to Defendants' business practices; the UCL therefore constitutes a violation of Defendants' rights to due process and equal protection.

19.    Pre-judgment interest may not be granted because the damages claimed by Plaintiff are not sufficiently certain to allow an award of pre-judgment interest.

20.    Plaintiff's allegations against unidentified "Doe" Defendants must be dismissed because Plaintiff has failed to identify and serve those purported Defendants in a timely manner.

21.    Plaintiff's claims, including his misclassification claim, meal and rest break claims and minimum wage claims, are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST, art. VI, cl. 2, because compliance with California's Labor Code requirements affects Defendants' prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

22.    The misclassification test adopted by the California Supreme Court in *Dynamex Operations West v. Superior Court*, 4 Cal. 5th 903 (2018), and codified by the California Legislature in Assembly Bill 5, which is commonly referred to as the "ABC Test," is preempted under the Supremacy Clause of the U.S. Constitution by the FAAAA.

23.    Plaintiff's claims under the California Labor Code are preempted by the FAAAA because Plaintiff's claims, if successful, will alter the terms of their privately-negotiated contracts.

24.     To the extent that Plaintiff seeks to recover under California's meal and rest period rules, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, because (a) California's meal and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

25.     The FMCSA precludes the application of and prohibits the enforcement of the California meal and rest break laws to commercial drivers pursuant to 49 U.S.C. § 31141.

26.     Plaintiff's claims regarding Defendants' alleged failure to reimburse Plaintiff's business expenses and for unlawful deductions under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) they conflict with the Federal Leasing Regulations, 49 C.F.R. Part 376, by prohibiting what is expressly permitted under those regulations; and (b) they affect Defendants' prices, routes, and services within the meaning of the express preemption provision of the FAAAA.

27.     Plaintiff's claim for illegal deductions is barred because (a) there is no private right of action under Cal. Lab. Code § 221 and (b) such deductions are permitted under Cal. Lab. Code § 224 and the Federal Leasing Regulation, 49 C.F.R. Part 376.

28.     To the extent Plaintiff seeks to recover under California's meal and rest period rules for drivers hauling hazardous materials, that recovery is preempted under the Supremacy Clause of the U.S. Constitution, Art. VI, cl. 2, because the California meal and rest break rules are in direct conflict with the requirements of 49 C.F.R. § 172.800.

29.     Plaintiff's claims are barred because they are an undue burden on interstate commerce in violation of the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3.

30.     Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Defendants. For example, Plaintiff has waived his right to some or all of the meal and rest breaks by failing to take breaks provided to him as required by law, or by expressly waiving the right to take breaks.

31.     Plaintiff's claims regarding Defendants' alleged failure to pay all wages owed every pay period are barred because California Labor Code § 204 does not provide a private right of action.

32.     To the extent Plaintiff seeks wages and/or penalties for both alleged meal and rest break violations for the same working day, such wages and/or penalties are duplicative and improper.

33.     To the extent that Plaintiff seeks punitive damages based on the alleged acts of Defendants, the Complaint violates Defendants' right to substantive due process as provided by the U.S. Constitution and the California Constitution.

34.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert them.

35.     The imposition of penalties, including replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendants' due process rights under the Fourteenth Amendment of the U.S. Constitution and under the Constitution and laws of the State of California.

36.     To the extent Plaintiff (and the class he seeks to represent) seeks to recover any damages from Defendants, his damages are limited by setoff as follows:

a.     Plaintiff owned a tractor, which he agreed to lease to Defendants with a qualified driver, under the Federal Leasing Regulations, 49 C.F.R. Part 376.

b.      Pursuant to his lease, Plaintiff agreed to bear operational expenses associated with the use and operation of his tractor and the qualified drivers he provided to perform transportation services for Defendants' customers, including fuel, oil, tires, and maintenance and repair costs.

c.      In exchange for Plaintiff's agreement to bear these expenses, Defendants agreed to compensate him, as specified in his lease, for the use of the equipment and the services provided under the leases for the deliveries he completed.

d.      Nowhere in Plaintiff's lease or its schedules, appendices, or amendments did Plaintiff and Defendants agree that Defendants would pay any specific amount for the labor of the qualified drivers Plaintiff provided in connection with providing the transportation services.

e.      Plaintiff cannot use his claims in the Complaint that Defendants misclassified him to re-write the terms of his lease with Defendants. *See Series AGI W. Linn of Appian Grp. Inv'rs DE LLC v. Eves*, 158 Cal. Rptr. 3d 193, 200 (Cal. Ct. App. 2013) ("Neither abstract justice nor the rule of liberal interpretation justifies the creation of a contract for the parties which they did not make themselves.") (citations and quotations omitted).

f.      Rather, to the extent Plaintiff demonstrates that he, and the putative class he seeks to represent, were misclassified as independent contractors, they may only avail themselves of the remedies afforded for alleged violations of the California Labor Code.

g.      California Labor Code § 1197 and IWC Wage Order No. 9-2001, Section 4, provide that employees must be paid at least the minimum wage for each hour worked.

h.      California Labor Code § 2802 provides that employers must indemnify their employees for all reasonable expenditures incurred in direct consequence of the discharge of their duties.

33

     i.     Therefore, to the extent Plaintiff demonstrates he was misclassified, his recovery for wages and expenses is limited to the deficit, if any, between the amount Defendants have already compensated him less the wages he was entitled to for personally performing work (as measured by the hours worked times the minimum wage) and the reasonable expenses he incurred in carrying out that work.

37.     This action does not meet the requirements for class action treatment, and Plaintiff cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, typicality, adequacy, and superiority. However, without waiving their ability to oppose class certification and explicitly asserting their opposition to the propriety of class treatment, if the Court does certify a class in this case over Defendants' objections, then Defendants assert the affirmative defenses set forth above against each member of any subsequently certified class.

WHEREFORE, Defendants request judgment as follows:

A.     That this action not be certified as a class action;

B.     That Plaintiff takes nothing by way of the Complaint;

C.     That judgment be entered against Plaintiff and in favor of Defendants;

D.     That Defendants be awarded their attorney fees and costs incurred in this case; and

E.     That Defendants be awarded all other necessary and proper relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DEMAND FOR JURY TRIAL

Defendants, Quality Carriers, Inc. and Quality Distribution, Inc., demand a trial by jury on all issues so triable.

Dated: January 23, 2020

Respectfully submitted,

/s/ Alaina C. Hawley
Alaina C. Hawley

Attorney for Defendants, Quality Carriers, Inc. and Quality Distribution, Inc.

4850-0281-1314, v. 7