Taras Kick (State Bar No. 143379)
 taras@kicklawfirm.com
Daniel J. Bass (State Bar No. 287466)
 daniel@kicklawfirm.com
Roy K. Suh (State Bar No. 283988)
 roy@kicklawfirm.com
**THE KICK LAW FIRM, APC**
815 Moraga Drive
Los Angeles, California 90049
Telephone:  (310) 395-2988
Facsimile:   (310) 395-2088

Attorneys for Plaintiff Clayton Salter

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff<br><br>   v.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive.<br><br>        Defendants | Case No.: 2:20-cv-00479-JFW-JPR<br><br>Assigned to the Honorable John F. Walter<br><br>**JOINT STATEMENT REGARDING THE PARTIES LOCAL RULE 7-3 CONFERENCE**<br><br>Complaint Filed:  October 3, 2019<br>Removal Date: January 16, 2020<br>Trial Date: None Set |

Plaintiff Clayton Salter ("Plaintiff") and Defendants Quality Carriers Inc. and Quality Distribution Inc. ("Defendants") (jointly, "the Parties") hereby submit the following joint statement pursuant to Section 5(b) of the Court's January 21, 2020 Standing Order regarding the Parties' Local Rule 7-3 Conference (Dkt. 6).

**A. DATE**

On January 23, 2020, Plaintiff's Counsel requested the Parties meet an confer pursuant to local Rule 7-3 regarding Plaintiff's intention to file a motion to remand.  Parties met and conferred on February 3, 2020, the first available date, for Defendants' counsel.

**B. DURATION**

The duration of the meeting on February 3, 2020 was approximately one hour and 22 minutes which began with the Parties' counsel specifically discussing the Plaintiff's intended motion to remand for over twenty minutes.  Parties meet and confer went on for approximately another hour with discussion of the Plaintiff's intended motion to remand interspersed with the related topics of discussion pursuant to Federal Rules of Civil Procedure 26(f), Local Rule 26-1, and the Court's January 21, 2020 Minute Order (Dkt. 7).

**C. COMMUNICATION METHOD**

Because counsel for Plaintiff is in Los Angeles, CA, and counsel for Defendants are in Indianapolis, IN, the Parties met and conferred on the telephone.

**D. PARTICIPANTS**

Daniel Bass (Lead Counsel) of The Kick Law Firm, APC participated in the February 3, 2020 call on behalf of Plaintiff. Chris Eckhart (Lead Counsel) and Ashley Paynter of Scopelitis, Garvin, Light, Hanson & Feary, P.C. participated in the call on behalf of Defendants.

**E. ISSUES DISCUSSED AND REMAINING**

Plaintiff requested this conference to meet and confer regarding Defendants' notice of removal and Plaintiff's intent to file a motion to remand. Plaintiff argued that the Defendants did not remove the matter in a timely matter because the Defendants were served with the operative complaint on October 16, 2019 and October 18, 2019. Moreover,

counsel for the Plaintiff pointed out that even Defendants' cited authority regarding timeliness in Defendants' Notice of Removal, did not completely relieve the Defendants of their duty to investigate and make reasonable calculations. Plaintiff's counsel pointed out that much of the information alleged in Defendants notice of removal, including knowledge of the putative class being over 100 drivers, was discussed by counsel for the Parties on November 26, 2019 when Parties met and conferred for the Los Angeles Superior Court Initial Status Conference set and pending prior to the Defendants' Notice of Removal, but Defendants held to their position that the case law supports their position that "Defendants have not received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damages amount" sufficient to trigger the deadline for removal.

Plaintiff also questioned the reasonableness of the assumptions made by Defendants in calculating the amount in controversy, including Defendants' use of all deductions made from the putative class members' pay irrespective of the fact that those calculations included deductions arising from work completed outside of California by drivers who were citizens of other states. Counsel for the Parties had not only met and conferred previously regarding this issue, but fully briefed a motion to remand in the Northern District for separate clients where the main point in dispute was that same deductions issue, based on similar facts. Moreover, Plaintiff's counsel referred counsel for the Defendants to *Yarian v. All Freight Carriers Inc.*, et al 2:19-cv-09172-DSF-E, previously pending in the Central District before Judge Dale S. Fischer remanded it on January 31, 2020, which was again based on the same deduction issue. Plaintiff's counsel provided a copy of Judge Fischer's Order in *Yarian* the evening of February 3, 2020 with the initial draft of this joint statement.

During the February 3, 2020 meet and confer, Defendants' counsel was unable to provide information regarding the number of the alleged 186 independent contractors (on which Defendants current calculations are based) in the putative class that were residents or citizens of California, but are inquiring as to that number and will attempt to provide it

prior to Plaintiff's filing of his intended motion to remand. Defendants asserted that the allegations in the complaint placed all reasonable expenses the putative class incurred as a result of their work in controversy, that their assumptions were supported, and that they could cure any deficiencies in the calculations in the notice of removal in their opposition to a motion to remand.

Finally, Plaintiff contested the sufficiency of Defendants' allegations regarding amount in controversy being inclusive of attorneys' fees calculated only from a percentage of the total alleged damages and reference to cases using similar percentages. Plaintiff's counsel stated though attorneys' fees can be included in the amount in controversy the mere statement of the percentages used in other cases is insufficient to meet the removing party's burden and referred the Defendants' counsel to supportive case law. Defendants' counsel stated it would review the cases provided by Plaintiff's counsel.

The Parties exchanged additional e-mails on February 3, 2020 and February 6, 2020, as well as held an additional phone call on February 5, 2020, regarding these issues, however Parties were still unable to come to an agreement. The parties are continuing to exchange information in the hope that it will resolve the dispute. If Plaintiff is not satisfied with this information exchange, Plaintiff will proceed with his motion to remand.

DATED: February 6, 2020                  Respectfully Submitted,

**THE KICK LAW FIRM, APC**

By: /s/ Daniel J. Bass_____
TARAS KICK
DANIEL J. BASS
ROY K. SUH
Attorneys for Plaintiff

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**

By: /s/ Christopher J. Eckhart_____
Christopher J. Eckhart
E. Ashley Paynter
Attorneys for Defendants

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Daniel Bass, hereby attest that all signatories on whose behalf this filing is submitted concur in the content of this filing and have authorized the filing.

By: /s/ Daniel J. Bass_____

THE KICK LAW FIRM, APC
815 MORAGA AVENUE
LOS ANGELES
CALIFORNIA 90049