Taras Kick (State Bar No. 143379)
  taras@kicklawfirm.com
Daniel J. Bass (State Bar No. 287466)
  daniel@kicklawfirm.com
Roy K. Suh (State Bar No. 283988)
  roy@kicklawfirm.com
**THE KICK LAW FIRM, APC**
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:   (310) 395-2088

Attorneys for Plaintiff Clayton Salter

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive.<br><br>　　　　　Defendants | Case No.: 2:20-cv-00479-JFW-JPR<br><br>Assigned to the Honorable John F. Walter<br><br>**JOINT RULE 26(f) REPORT [FED. R. CIV. P., RULE 26(f)]**<br><br>Complaint Filed:  October 3, 2019<br>Removal Date: January 16, 2020<br>Trial Date: None Set |

Counsel for Plaintiff Clayton Salter ("Plaintiff") and Defendants Quality Carriers Inc. and Quality Distribution Inc. ("Defendants") (jointly, "the Parties") conducted their Federal Rule of Civil Procedure 26(f) conference on February 3, 2020. The Parties met and discussed the nature and basis of their claims and defenses, jurisdiction, the appropriate settlement conference procedure, as well as discovery. Counsel for the Parties now submit this joint scheduling conference report pursuant to Federal Rules of Civil Procedure 16 and 26(f), Local Rule 26-1, and the Honorable John F. Walter's January 21, 2020 Minute Order (Dkt. 7).

## 1. SUBJECT MATTER JURISDICTION

Defendants contend this Court has subject matter jurisdiction of this case pursuant to the Class Action Fairness Act of 2004 ("CAFA"), as set forth in Defendants' removal papers. The case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one class member and one defendant, and the amount in controversy exceeds five million dollars.

Plaintiff contends Defendants failed to meet its burden of proof to establish the requisite amount in controversy in that it provided no evidence at the time of removal and that Defendants' removal was untimely, having waited 90 days after service to remove the matter. Parties met and conferred pursuant to Local Rule 7-3 starting on February 3, 2020 and filed their Joint Report regarding their efforts to resolve the issues of removal and remand on February 6, 2020 (Dkt 16). Unable to resolve their disputes, Plaintiff filed his Motion to Remand on February 10, 2020 (Dkt. 17).

Defendant Quality Distribution is analyzing the question of whether this Court can properly exercise personal jurisdiction over it. The parties are unaware of any other issues regarding personal jurisdiction or venue. All parties to this action have been served.

## 2. BRIEF CHRONOLOGY OF FACTS AND STATEMENT OF PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiff is a California resident who worked for Defendants as a truck driver from on or about March 2007 until on or about July 30, 2019. Plaintiff began his work for

Defendants employed as a "company driver" starting on or about March 2007 for approximately 8 years until he signed an Independent Contractor Agreement on or about March 3, 2015. Plaintiff alleges his job duties did not change when he was reclassified as an "owner operator" and Plaintiff did not drive for any other companies during his time working for Defendants.

Plaintiff filed a Class Action Complaint in the Superior Court of Los Angeles on October 3, 2019 asserting 10 causes of action under California law on behalf of a putative class of individuals defined as: "all current and former non-exempt employees, including but not limited to those misclassified as independent contractors, of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the 'CLASS PERIOD')." (Dkt 9-1).

Plaintiff alleges that Defendants failed to pay wages properly during the CLASS PERIOD (i.e., October 3, 2015, to the present). Plaintiff alleges that Defendants required their misclassified employee drivers to perform work off the clock, and hence failed to pay minimum wages for all hours worked. Plaintiff alleges Defendants failed to provide the correct pay and failed to reimburse their misclassified employee for all necessary business-related expenditures and costs incurred during the course and scope of employment and that many of these expenses were deducted from their employees pay.

Plaintiff alleges Defendants required their misclassified employee drivers to work during rest periods, failed to allow misclassified employee drivers to take rest periods, and failed to pay California non-exempt hourly employees the full rest period premium for work performed during rest periods and/or failure to authorize and permit uninterrupted rest breaks.

Plaintiff alleges that, as a result of Defendants' practices, Defendants failed to timely pay final wages pursuant to the California Labor Code which has given rise to additional waiting time penalties, in addition to failing to provide the employees with accurate wage statements pursuant to the California Labor Code, which has given rise to additional

penalties.

Plaintiff alleges that the aforementioned practices constitute unfair and unlawful business.

Defendants deny Plaintiff's allegations in their entirety. Defendants allege that Plaintiff and other owner operators were properly classified as independent contractors. Defendants compensated Plaintiff and independent contractor drivers in accordance with the terms of their written agreements. Defendants further allege that they reimbursed independent contractor drivers for certain business expenses under the terms of the Independent Contractor Agreement. Defendants' investigation of Plaintiff's claims is ongoing.

**3.   BRIEF STATEMENT OF DISPUTED POINTS OF LAW**

At this time, the Parties dispute the following key points of law:

**A.   Classification as Independent Contractors**

A predicate to all of Plaintiff's claims is his allegation that he was misclassified as an independent contractor rather than properly classified as an employee. The parties dispute the applicable test for determining if Plaintiff was misclassified. Specifically, if the ABC test adopted in *Dynamex Operations West, Inc. v. Superior Court,* 4 Cal. 5th 903 (2018) and later codified California's Assembly Bill 5 ("AB-5") applies or if it is preempted by the Federal Aviation Authorization Administration Act, 49 U.S.C. § 14501. Plaintiff alleges that Defendants' drivers, however, would have been misclassified even under the prior standards set out in *Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341,350 (1989).

Defendants dispute that *Borello* provides a "fall back" definition for determining whether an entity suffered or permitted a putative employee to work. Rather, the California Supreme Court and the California Legislature defined "suffer and permit" by reference to the "ABC" test. If that test is preempted by federal law as it applies to motor carriers, Plaintiff cannot alter the definition of the term out of expediency.

//

### B. Preemption of California Meal and Rest Break Laws

Defendants seek to enforce the Federal Motor Carrier Safety Administration's (FMCSA) recent decision barring enforcement of California's meal and rest period rules with respect to interstate motor carriers, a federal district court in California has dismissed a driver's meal and rest break claims based on California law. *See Robinson v. Chefs' Warehouse, Inc.*, No. 15-cv-05421-RS, 2019 WL 42788926, at *4 (N.D. Cal. Sept. 19, 2019) *(granting summary judgment on Plaintiff's meal and rest break claims on the basis of FMCSA preemption); Henry v. Central Freight Lines, Inc.*, No. 2:16-cv-00280-JAM-EFB, 2019 WL 2465330 at *4 (C.D. Cal. Jun. 13, 2019) *(same); Ayala v. U.S. Xpress Enterprises, Inc.*, No. 5:16-cv-137-GW(KKx), 2019 WL 1986760 (C.D. Cal. May 2, 2019) *(same).*

Plaintiff contests the ability of the FMCSA to preempt his claims, particularly in a retroactive manner, which is currently the subject of a consolidated appeal. *See Labor Commissioner State of Cal. v. FMCSA*, No. 19-70329 (9th Cir.).

## 4. PRIOR, PENDING AND ANTICIPATED MOTIONS

*Plaintiff's Position*

Plaintiff filed a motion to remand, as mentioned above, on February 10, 2020 with hearing set for March 9, 2020. Plaintiff intends to file a Motion for Class Certification should the matter not be remanded and any necessary discovery motions that may arise.

*Defendants' Position*

Defendants intend to file a motion for partial summary judgment addressing the preemption motions raised above. These two legal issues may resolve the entire case. Should the case not resolve on these issues, Defendants may file another motion for summary judgment on the substance of Plaintiff's claims should discovery warrant such a motion. Additionally, should Plaintiff succeed in obtaining class certification, Defendants may seek decertification of the claims prior to trial if warranted by the facts and circumstances of the case.

//

## 5. ADDITIONAL PARTIES, CLAIMS, OR DEFENSES AND DEADLINE

*Plaintiff's Position*

Plaintiff does not anticipate joinder of any additional parties at this time. However, Plaintiff anticipates filing an amended complaint after the issue of jurisdiction is resolved. This anticipated amendment will add a representative claim for penalties under the PAGA and will likely remove Plaintiff's cause of action for Unpaid Overtime. Additionally, Plaintiff may add one or more named plaintiffs after receiving the contact information of the putative class members. In the event that Defendant challenges Plaintiff's adequacy, Plaintiff may also seek to add additional named plaintiffs.

Plaintiff would suggest a deadline of 30 days after the Court rules on Plaintiff's Motion to Remand for amendments of the pleadings, while reserving the right to move to add the aforementioned additional class representatives at a later date.

*Defendants' Position*

Defendants request the Court set a deadline for amendments of the pleadings 30 days after it rules on Plaintiff's Motion to Remand. Any amendments after that date, unless stipulated to, should be permitted only for good cause shown in accordance with Federal Rules of Civil Procedure 16 and 15.

## 6. INITIAL DISCLOSURES

The Parties will serve their initial disclosures, pursuant to Fed. R. Civ. P. 26, on February 18, 2020 following the Court Holiday 14 days after the Parties' February 3, 2020 conference.

## 7. DISCOVERY

### A. Discovery Taken to Date

The Parties have not conducted any formal discovery to date, though upon Plaintiff's request, Defendants produced some of Plaintiff's recent pay records.

### B. Scope of Anticipated Discovery

*Plaintiff's Position*

Prior to the discovery cut-off, Plaintiff anticipates propounding Requests for

Production of Documents, Special Interrogatories, Form Interrogatories-General, and Requests for Admission. Plaintiff also anticipates taking depositions of Defendants Persons Most Knowledgeable, as well as the depositions of putative class members who file declarations in opposition to Plaintiff's Motion for Class Certification, and depositions of other percipient witnesses.

*Defendants' Position*

Defendants anticipate propounding Requests for Production of Documents, Interrogatories, and Requests for Admission to Plaintiff. Defendant will object to any discovery Plaintiff attempts to take under the California Code of Civil Procedure. To the contrary, the Federal Rules of Civil Procedure any discovery taken in this matter.

Additionally, Defendants will seek to depose the named plaintiff and any other witnesses he identifies. Additionally, Defendants anticipate deposing any witnesses Plaintiff utilizes in support of his Motion for Class Certification. Should a class be certified, Defendants will seek limited discovery from some portion of the certified class including document requests and depositions.

**C.     Proposed Limitations or Modifications of Discovery Rules**

The Parties do not see any need for limitations or modifications of the discovery rules. The Parties agree that the Federal Rules of Civil Procedure will govern the number of depositions, interrogatories, and requests for admission, as well as the length of depositions, unless the Parties stipulate otherwise or are otherwise ordered by the Court. All counsel shall follow the requirements and orders established by the Court should a discovery dispute arise.

**D.     Proposed Discovery Plan**

*Plaintiff's Position*

Plaintiff is seeking the contact information (including telephone numbers, email addresses and mailing addresses) of the putative class members, and he is seeking the production of this information as soon as possible. Although Plaintiff does not believe that a *Belaire-West* notice administration is required under California or federal law, Plaintiff,

in the spirit of cooperation, will engage in such an opt-out process, costs to be shared equally and will provide a draft *Belaire-West* notice to Defendants through their counsel.

      Additionally, Plaintiff anticipates engaging in the following discovery:

    a)    One or more sets of specially prepared interrogatories, requests for production, and requests for admission;

    b)    Fed. R. Civ. P. 30(b)(6) depositions of Defendants' designees regarding Defendants' payment policies and functions relating to codes for compensation and deductions; Defendants' document retention and destruction policies; Defendants' tracking of its drivers including timekeeping practices, routes, geolocation, policies, and procedures; job duties; time spent performing job duties; job titles; Defendants' policies, practices, and procedures regarding compensation, policies and procedures regarding the calculation and payment of wages and deductions, meal periods, rest periods, expense reimbursement, and budgeting for payroll;

    c)    In their individual capacity, Plaintiff anticipates taking the depositions of several of Defendants' employees who interacted with the putative class members and have knowledge of their working conditions;

    d)    In addition, Plaintiff anticipates deposing individuals who submit declarations in support of Defendants' opposition to Plaintiff's motion for class certification. Similarly, if Defendants file a motion for summary judgment, or similar motion, Plaintiff will also seek to depose any individuals submitting declarations in support thereof; and

    e)    Expert discovery.

      Due to the size and complexity of this class action, Plaintiff may seek leave to expand the number of depositions in this action. In addition, Plaintiff may seek to expand the number of interrogatories, again due to the complex nature of this class action. Plaintiff's counsel will further meet and confer with counsel for Defendants once the need

to conduct this additional discovery arises.

Plaintiff's position is that discovery need not be conducted in phases. Plaintiff's discovery seeks information and documents directly relating to the issues of class certification, such as the existence of common questions of law or fact and the typicality of Plaintiff's claims to those of the putative class members. Even if some of Plaintiff's discovery may be interpreted as merit-based, conducting discovery in phases would be impractical as there may be substantial overlap between precertification and merit-based discovery. Bifurcating Plaintiff's discovery will complicate the discovery process and force Plaintiff to forego some or all of the discovery he is entitled to in order to determine class certification issues

*Defendants' Position*

Discovery should be conducted in phases and pre-certification discovery should be conducted prior to Plaintiff filing his motion for class certification. Pre-certification discovery should be limited to certification issues and merits issues relating to the named plaintiff. Certainly, certification issues may overlap with the merits to the extent that Plaintiff seeks discovery related to policy documents, etc. across the class period. However, discovery related to damages issues and specific information related to putative class members is inappropriate prior to class certification.

Identification of the putative class members and production of their contact information is not necessary in advance of class certification. Indeed, if Plaintiff requires testimony of putative class members to support his motion for class certification it suggests that it is likely class certification may not be appropriate.

To the extent that Plaintiff intends to use expert testimony in support of his motion for class certification, disclosures and report in compliance with the requirements of Rule 26 should be provided to Defendants 90 days in advance of Plaintiff's motion. Or, alternatively, a briefing schedule should be set up to allow Defendants adequate time to depose Plaintiff's expert in advance of filing their opposition to Plaintiff's motion. Similarly, to the extent that Plaintiff offers declarations in support of their motion for class

certification, Defendants will seek to depose those witnesses prior to filing their response and request that a briefing schedule be set to accommodate this discovery.

Defendants reserve their rights object to the use of declarations from undisclosed witnesses in support of any motion.

As mentioned above, Defendants will serve written discovery on Plaintiff including interrogatories, requests for production of documents, and requests for admission. Defendants will depose Plaintiff and seek to depose any non-party witnesses that Plaintiff identifies. Discovery should be limited to what is permitted by the Federal Rules of Civil Procedure, the local rules of the Central District of California, and this Court's standing order unless a party seeks leave and demonstrates good cause for requiring the additional discovery.

All expert disclosures and reports required by Rule 26 should be provided to the opposing party 90 days in advance of any motion that the expert's opinion will be offered in support of. The opposing party should have 60 days to disclose a rebuttal witness. Should any party anticipate using an expert to testify at trial but not in connection with any motion, all required disclosures and reports shall be served to the opposing party not more than 45 days after the close of fact discovery. Parties may disclose and serve reports of rebuttal experts 90 days after service of the Rule 26 report of the expert to whom the rebuttal expert is responding. Expert discovery should close no later than 150 days after the close of fact discovery.

**8. RELATED CASES OR PROCEEDINGS**

Plaintiff has filed a discrimination charge against Quality Carriers, Inc. before the Department of Fair Employment and Housing which is pending under EEOC Reference Number 37A-2020-01249-C and DFEH Matter Number 201909-07711327.

**9. RELIEF SOUGHT BY COMPLAINT**

*Plaintiff's Position*

Plaintiff's Complaint seeks unpaid wages, premium wages, liquidated damages, civil penalties, pre-judgment interest, injunctive relief, statutory attorney's fees, and

recoverable costs. A significant portion of these damages result from Defendants' failure to reimburse their drivers for necessary expenditures often deducting those expenses directly from the drivers pay. Damages for these deductions will be calculated predominately from Defendants' own pay statements, or settlement statements, issued to their drivers showing the amounts of these deductions. Additional unpaid wages, like unpaid meal and rest break premiums paid based on records of time worked, like onboard driving system records showing missed meal and rest breaks, unpaid waiting times, etc.

*Defendants' Position*

Defendants deny that Plaintiff is entitled to the relief he seeks.

**10. CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS**

Defendants filed their Certification and Notice of Interested Parties on January 16, 2020 listing only themselves and Plaintiff Clayton Salter. Plaintiff did the same on February 6, 2020, listing no additional parties.

**11. DATES OF DISCOVERY COMPLETION, FINAL PRETRIAL CONFERENCE, AND TRIAL**

    **A. Completion of Discovery**

The Parties propose that a discovery completion date be set after a decision has been issued on Plaintiff's Motion for Class Certification. Alternatively, should the Court require a discovery cut-off date Parties would suggest November 13, 2020.

    **B. Hearing of Motions**

Plaintiff has filed a motion to remand set for hearing on March 9, 2020. Should the matter not be remanded, Plaintiff intends to file a Motion for Class Certification. The Plaintiff proposes a deadline for Plaintiff to file a Motion for Class Certification of August 24, 2020.

Defendants propose a phased dispositive motion plan that includes addressing the preliminary issues of federal preemption with respect to both the "ABC" classification test and the Plaintiff's California meal and rest break claims as discussed above. Defendants intend to file this motion for hearing as soon as possible and will seek a stay of the case

pending resolution of those issues. Defendants may also request a stay of the entire case pending the resolution of these threshold issues in the Ninth Circuit.

### C. Proposed Pretrial Conference and Trial Dates

The Parties propose that a Trial and Pre-Trial Conference date be set after a determination of Plaintiff's Motion for Class Certification.

If the Court requires a date at this time, Plaintiff would suggest that held on or about December 4, 2020 with Trial to commence on or about December 11, 2020. Defendant proposes that a final pretrial conference set in September 2021 with a trial scheduled in October 2021.

### 12. TRIAL ESTIMATE

Plaintiff requests a jury trial. Assuming the case proceeds on a class basis, the Parties preliminarily estimate the trial will last at 15 to 30 days. Assuming the case proceeds as a single plaintiff case, the Parties estimate the trial will last four to five days.

### 13. SETTLEMENT EFFORTS

The Parties have not participated in formal settlement negotiations to date; however, the Parties are currently discussing the feasibility of early mediation. Pursuant to the local rules the Parties prefer ADR procedure No. 3, private mediation for alternative dispute resolution.  Defendants believe that any such mediation should occur after there is a decision on the preemption of both the ABC test and Plaintiff's California meal and rest break claims.

### 14. COMPLEXITY

Though this matter is brought as a class action Parties believe that are no issues which should necessitate the use of the manual for complex litigation, though it may be useful as an informal guide.

### 15.  DISPOSITIVE OR PARTIALLY DISPOSITIVE MOTIONS

Plaintiff has filed a motion to remand and intends to file a motion for class certification should the matter not be remanded.  Plaintiff does not currently intend to file any additional motions, simply reserving the right to do so should the need arise.

As discussed above, Defendants intend to file a motion for partial summary judgment on the application of the ABC test in this case as well as Plaintiff's California meal and rest break claims and Plaintiff's overtime claim on the basis of the exemption contained in Wage Order No. 9.

Defendant Quality Distribution may file a motion to dismiss it under Rule 12 as Plaintiff has pled no facts to support its allegations of integrated enterprise or joint employment.

Defendants may seek to file an additional motion under Rule 56 should discovery reveal that it is appropriate.

**16.    UNUSUAL LEGAL ISSUES**

Other than the legal issues previously mentioned herein the Parties do not currently anticipate any legal issues that they would believe to be "unusual."

**17.    SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

The parties do not believe that bifurcation of the issues is necessary at this point. Given the overlap between ultimate facts and class certification issues, it is premature to address issues relating to severance, bifurcation, or ordering of proof. Each of these issues will be substantially impacted by the Court's ruling on Plaintiff's anticipated motion for class certification, and these issues cannot, therefore, be effectively addressed until a court rules on that motion.

**18.    CONFIRMATION OF LEAD TRIAL COUNSEL**

Daniel Bass of The Kick Law Firm, APC for Plaintiff and Chris Eckhart of Scopelitis, Garvin, Light, Hanson & Feary, P.C. for Defendants are lead counsel for the Parties. They are both registered "ECF Users" and their "Email Address of Record" is daniel@kicklawfirm.com and ceckhart@scopelitis.com respectively.

///

DATED: February 14, 2020          Respectfully Submitted,

                                                   **THE KICK LAW FIRM, APC**

                                         By: /s/ Daniel J. Bass_____
                                                  TARAS KICK
                                                  DANIEL J. BASS
                                                  ROY K. SUH
                                                  Attorneys for Plaintiff

                                                 **SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**

                                         By: /s/ Christopher J. Eckhart_____
                                                  Christopher J. Eckhart
                                                  E. Ashley Paynter
                                                  Attorneys for Defendants

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Daniel Bass, hereby attest that all signatories on whose behalf this filing is submitted concur in the content of this filing and have authorized the filing.

                                               By: /s/ Daniel J. Bass_____