**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
taras@kicklawfirm.com
Daniel J. Bass (State Bar No. 287466)
daniel@kicklawfirm.com
Roy K. Suh (State Bar No. 283988)
Roy@kicklawfirm.com
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:   (310) 395-2088

Attorneys for Plaintiff Clayton Salter, individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO.: 2:20-cv-00479-JFW-JPR<br><br>Assigned to the Honorable John F. Walter<br><br>**REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT**<br><br>Hearing Date:   March 9, 2020<br>Time:   1:30 p.m.<br>Courtroom:   7A<br>Judge:   John F. Walter |

## I. INTRODUCTION

In this case, Plaintiff Clayton Salter ("Plaintiff") asserts claims under the California Labor Code on behalf of a class of "all current and former non-exempt employees, including but not limited to those misclassified as independent contractors, of DEFENDANTS **in the State of California** at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment" of the Defendants Quality Carriers Inc. and Quality Distribution Inc. ("Defendants"). (Dkt 9-1, bold added). Defendants have failed to proffer evidence showing by a preponderance of the evidence that the jurisdictional requirements for removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), upon which Defendants' Removal Notice rests *exclusively*, have been met in this case. (*See* Dkt. No. 1, "Removal Notice"). Defendants only bothered to introduce a declaration on opposition to Plaintiff's Motion to Remand and still fail to establish that the Plaintiff's proposed class in aggregate alleges the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Moreover, Defendants late arising, self-serving, and overinclusive declarative attempt at evidence fails to meet the summary judgment like standard, which requires Defendants to meet their burden of establishing the requisite amount in controversy for jurisdiction. Defendants unabashedly state they can remove whenever they like, making no reference to any triggering information as to when they decided this court had jurisdiction. Defendants' removal paperwork was either untimely or improper and the matter must be remanded to the Los Angeles Superior Court given Defendants further failure to show the amount in controversy.

## II. DEFENDANTS' REMOVAL WAS UNTIMELY

Section 1446 of Title 28 of the United States Code plainly creates two periods during which a case can be removed: first, a thirty day window triggered by receipt of the initial pleading or summons "if the case started by the initial pleading

The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California
90049

2

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

is removable *on its face*," *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added), and second, a thirty day window triggered by receipt of "a copy of an amended pleading, motion, order or other paper" from which removability may be first ascertained, *if* the initial pleading does not indicate, on its face, that the case is removable, 28 U.S.C. § 1446(b). Here, Defendants' own notice of removal states that "Plaintiff's complaint places more than $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d) in controversy." (Dkt. 1 at 3:27-4-1). However, Defendants waited not only 30 days from when they were served, but over 90 days to remove. Assuming, *arguendo*, that Defendants were not aware of the initial grounds for removal from the initial complaint, the fact that there are two windows for removal under § 1446(b) is well-established in the Ninth Circuit. *See Harris*, 425 F.3d at 692. In *Harris*, the Ninth Circuit held that "the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Id.* at 694 (quoting 28 U.S.C. § 1446(b)). Moreover, the Ninth Circuit specifically held that "[i]f no ground for removal is evident in [an initial] pleading, the case is '*not removable*' at that stage." *Id.* (emphasis added).

When removability is not apparent from the face of the complaint, the case is not "rendered removable" until *after* defendants *receive* "an amended pleading, motion, order or other paper" containing the necessary basis for removal. *Harris*, 425 F.3d at 692; *see also Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885-87 (9th Cir. 2010) (explaining that the second window for removal starts, or is "triggered" by, "*receipt*" of an "other paper" as the term is used in § 1446(b)). The cases Defendants cite in support of their position that they may remove at any time, without a further pleading or document are factually distinguishable from the instant case. For example, Defendants rely on *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1139-40 (9th Cir. 2013), in support of Defendants' contention that the deadline to remove had not begun to run because Complaint did not make it apparent that the case was removable. (*See* Dkt 1). However, in *Kuxhausen*, the

The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California
90049

3

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

Ninth Circuit held that the defendant does have obligations to determine whether the five million dollar class action jurisdictional requirement was met, even if the district court had erred in some underlying assumptions. *Kuxhausen*, 707 F.3d at 1140-41. *Kuxhausen* directly states that Defendants are not relieved from making initial calculations, holding only that the Defendants "need not make extrapolations or engage in guesswork;" but clearly stating that "the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Id.* at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

While Defendants may not have had a duty to investigate, they are not relieved of all responsibility to remove when they do conduct such an investigation. To the extent Defendants are arguing that it is their own investigation pursuant to *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2013) that made them aware that the amount in controversy was met they have not provided any information as to how or when such an investigation took place. Irrespective of Defendants' straw man arguments, Plaintiff is not stated Defendants had a duty to investigate, the limited holdings of Defendants' cited authority. *See Aghayani v. Dial Indus. Sales, Inc.*, 2017 U.S. Dist. LEXIS 135471, *4 (C.D. Cal. Aug. 23, 2017) (finding "a defendant has no duty to investigate to determine jurisdictional facts…"). Indeed, Defendants also cite to *Garcia v. GM, LLC* which recognized that "district courts have expressed concern that this rule opens a door for gamesmanship by defendants—especially those at an informational advantage—who could effectively choose when to 'ascertain' removability." *Garcia v. GM LLC*, 2019 U.S. Dist. LEXIS 8678, *9, 2019 WL 247227 (C.D. Cal. Jan 17, 2019) (quoting *Banta v. American Medical Response Inc.*, 2011 U.S. Dist. LEXIS 77558, 2011 WL 2837642, at *8 (C.D. Cal. July 15, 2011)). Moreover, while a defendant may "remove outside the two thirty-day periods on the basis of its own information," *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013), the information must—when questioned as Plaintiff is doing here—

The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California
90049

4

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

constitute "summary-judgment-type evidence," *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), that is sufficient "to persuade the court that the estimate of damages in controversy is a reasonable one," *id.*, or otherwise makes the case removable.

Here, Defendants have claimed they had performed such an investigation, but failed to provide any information regarding the timing of said investigation and—as further noted in the sections below—failed to provide supportive evidence, and only made countervailing allegations that are insufficient to make the case removable. *See, e.g., McNulty v. CRST Van Expedited, Inc.*, 2015 U.S. Dist. LEXIS 4569, *6 (C.D. Cal. 2015) ("[T]he Ninth Circuit has not permitted removal outside of [the 30-day] periods based upon speculation and guesswork by a removing party. In contrast to the facts of *Roth* and *Rea*, Defendants do not ground their removal in facts firmly established through their own investigation or a change in the governing law. Instead, Defendants essentially speculate[.]"); *Rosales v. Staples Contact & Commercial, Inc.*, 2015 U.S. Dist. LEXIS 97782, 2015 WL 4537577, *4 (C.D. Cal. 2015) ("Defendant's assumption of a 100 percent violation rate is not the `summary-judgment-type evidence' needed to demonstrate that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence."). Defendants removal paperwork did not even state the basis of jurisdiction is based on their own investigation, stating instead that "Plaintiff's complaint places more than the $5,000,000 jurisdictional threshold… in controversy" (Dkt. 1 at 3:27-4:1) but also claiming, without supportive declarations or evidence that "Quality Carriers' records indicate that, during the relevant period, putative class members authorized Quality Carriers to deduct in excess of $5,000,000 for fuel, insurance, maintenance, repair, and tax expense." (*Id*. at 4:6-9). Even now that Defendants finally provide a self-serving declaration in support of their opposition (see Dkt 19-1), Defendants still have not stated when an investigation occurred or what it consisted of.  As such, this matter should be remanded as removal was untimely and insufficient.

The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California
90049

5

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

### III. DEFENDANTS FAIL TO SHOW THAT THE PUTATIVE CLASS'S AGGREGATE CLAIMS EXCEED $5,000,000

When the amount in controversy is challenged, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million . . . ." *Ibarra*, 775 F.3d at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quotations and citations omitted). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198. Although "a damages assessment may require a chain of reasoning that includes assumptions," those assumptions must be reasonable. *Id.* at 1199. Here, Defendants' calculations of the amount in controversy of the are inaccurate as these calculations are based on the Class Members' entire time working for the Defendants, rather than the time worked in California. Moreover, even though Defendants have now articulated the number of putative class members who are residents of California who may have claims under the California Labor Code for work completed outside of California, Defendants' calculations improperly apply a 100% violation rate for all deductions, despite no mention of such deductions in the Plaintiff's Complaint.

### a. Plaintiff's Complaint is Limited in the Relief it Seeks

There is nothing that suggests the amount in controversy calculation by Defendants is remotely connected to any amounts that could reasonably be in controversy under California law, because the Plaintiff's class definition is limited to "all current and former non-exempt employees, including but not limited to those misclassified as independent contractors, of DEFENDANTS **in the State of**

The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California
90049

6

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

**California**[.]" (Dkt 9-1, bold added). The California Supreme Court, regarding the extraterritorial application of California employment laws, suggests a limited scope. See *Sullivan v. Oracle Corp.,* 51 Cal. 4th 1191, 1199 (2011) ("We foresaw . . . only limited extraterritorial application of California's employment laws, precisely balanced by interstate comity"); *see also Yarian v. All Freight Carriers Inc.*, 2020 CV 19-9172 DSF (Ex), 2020 U.S. Dist. LEXIS 17141,*3 (C.D. Cal. Jan. 31, 2020) (remanding after finding "Defendants provide no evidence of the nature of Plaintiff's work outside of California so there is no basis to believe that extraterritoriality would apply to any of his out-of-state work, let alone all of it"). Here, Defendants provide nothing to support inclusion, under California law, for recovery by non-residents working outside of California (or even for work by California residents that took place entirely outside of California). Though *Sullivan* does leave open the possibility that California statutes could apply to work by California residents outside the state where the California residents leave the state during the course of the normal workday and return. *Id*. Defendants provide only the most limited reference to the nature of putative class members' work outside of California, referring to the number of miles driven in California, which was approximately 64%. As such, there is no basis to believe that extraterritoriality would apply to any of the putative class members out-of-state work, let alone all of it, including that performed by non-residents and the 64% calculation should be applied to but Defendants have failed to show any such basis for jurisdiction.

Defendants' alleged, contrary authority is distinguishable from the current matter as Plaintiff is not articulating a defense that Defendants may later apply, but rather stating realities of California law to show how the Defendants' interpretation of Plaintiff's complaint is "an unreasonable assumption" which cannot form the basis of the Defendants' assertion of jurisdiction under *Ibarra*. Judge Fischer correctly noted in *Yarian*, "Plaintiff has not attempted to alter his class definition … [t]he question is not about the effect of post-removal changes; it is about the proper

interpretation of the pre-removal complaint." *Yarian*, 2020 U.S. Dist. LEXIS 17141 at *5. Also, noting plaintiff did not seek amendment, but rather "to provide a reasonable interpretation of what Plaintiff was actually asking for in his complaint, which in this context requires reference to the underlying California law." *Id*.

Defendants' citation to *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) is inapplicable to the instant facts. Specifically, *LaCross* dealt with a disputed amount in controversy, where "plaintiffs contended that the class may not be able to prove all the elements for reimbursement under Labor Code § 2802, so the amount in controversy likely will not exceed $5 million." *Id*. The *LaCross* Court found that a removing party could rely on a "chain of reasoning that includes assumptions to satisfy its burden to prove… that the amount in controversy exceeds $5 million" but that "the chain of reasoning and its underlying assumptions must be reasonable." *Id*. at 1201. Here, Plaintiff *rightfully* contests the amounts that Defendants claim are in controversy, given the narrow scope of Plaintiff's claims. Defendants' expansion of the language and recovery sought contrary to the Complaint's language is not and cannot constitute a "reasonable chain of logic" because it aggregates amounts that Plaintiff never placed in controversy.

Defendants also artfully argue application of from the *unpublished* opinion, with distinct facts, of *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (unpublished decision that is citable pursuant to Federal Rule of Appellate Procedure 32.1, but is not precedential under Ninth Circuit Rule 36-3(a)). *Henry* is not analogous as Defendants contend, but rather it is factually distinct. Indeed, in *Henry*, the court found that Henry's "complaint states multiple times that Henry seeks reimbursement for 'all costs and expenses of . . . leasing' the trucks" and was sufficient to place those amounts (i.e., deductions taken for periods of work occurring within and outside of California) in controversy. *Id*. Here, unlike *Henry*, Plaintiff's Complaint does not include repetitious language seeking specific remedies for "all costs and expenses of . . . leasing" nor does Defendants' evidence

THE KICK LAW FIRM, APC
815 MORAGA DRIVE
LOS ANGELES, CALIFORNIA
90049

8

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

in opposition to Plaintiff's Motion include the depth of information as in *Henry*. Defendants have misinterpreted Plaintiff's Complaint and have inappropriately likened it to *Henry* where the plaintiff, who sought to recover for "all costs and expenses of . . . leasing" (without limitation) but then, and only *after* removal, "argued that lease payments cannot be considered for purposes of the amount in controversy because they are not recoverable as a matter of law." *Id*. at 807. In other words, unlike the instant case, the *Henry* plaintiff recanted and attempted to narrow the language and relief sought in his complaint. *See id*. Here, however, Plaintiff has *never* stated, nor has he sought to recover for work outside of California or the specific deductions referenced. Rather, Defendants have deliberately interpreted Plaintiff's Complaint in a manner to purportedly meet their burden of showing sufficient amounts in controversy.

### b. Defendants' Overinclusive Calculations Are Insufficient

Courts in the Central District have found over-inclusive calculations to be insufficient to justify removal jurisdiction. *See, e.g., Roth v. Comerica Bank*, 799 F.Supp.2d 1107 (C.D.Cal. 2010); *see also Pereira v. Gate Gourmet, Inc.*, Not Reported in F.Supp.2d 2009 WL 1212802 (C.D.Cal. April 30, 2009) (finding defendant's evidence of the amount in controversy to be insufficient where defendant calculated value of claims based on 30-day period but facts alleged in complaint suggested no more than 10-day period); *Zackaria v. Wal-Mart Stores, Inc.*, 2011 WL 6065169 at *3 (C.D. Cal. Dec. 5, 2011) (removing defendant failed to demonstrate its calculations were grounded in the claims asserted rather than mere conjecture which conveniently reached the jurisdictional threshold). Similarly, utilization of a 100% violation rate to calculate the putative class's monetary recovery has been disfavored as "not grounded in real evidence." *See Ibarra*, 775 F.3d at 1199; *see also Serrano v. Pac. Coast Feather Cushion Co.*, 2017 U.S. Dist. LEXIS 138153 at *12, fn 6 (C.D. Cal Aug. 28, 2017) (collecting cases that utilize a 100% violation rates and distinguishing them as predating *Ibarra*

THE KICK LAW FIRM, APC
815 MORAGA DRIVE
LOS ANGELES, CALIFORNIA
90049

9

REPLY IN SUPPORT OF MOTION TO REMAND
CASE TO LOS ANGELES SUPERIOR COURT

and not binding). Moreover, when "plaintiff alleges a 'pattern and practice' of labor violations, the Ninth Circuit has found that a defendant's assumption of a 100 percent violation rate would be unreasonable." *Dobbs*, 201 F. Supp. 3d at 1188. *Dobbs v. Wood Grp. PSN, Inc.,* 201 F. Supp. 3d 1184, 1188 (E.D. Cal. 2016) (citing *Ibarra*, 775 F.3d at 1198-99). Indeed, "'a pattern and practice' of doing something does not necessarily mean always doing something." *Ibarra*, 775 F.3d at 1198-99.

Here, the Defendants' declarant states "California Contractors authorized Quality Carrier to deduct a total of $11,512,642.86 from their weekly settlements for fuel purchases … $135,205.00 for bobtail insurance premiums; $698,669.22 for occupational-accident insurance premiums; $911,722.23 for physical damage insurance premiums; $56,983.34 for 24 hour disability coverage insurance premiums; $39,355.24 for PrePass service fees; $179,799.00 for communication charges; $9,646.24 for highway use taxes; $506,024.78 for International Registration Plan license deductions; $20,280.38 for permits; $272,442.33 for repairs; and $439,317.25 for tires, for a total deduction value of $14,782,087.87." (Dkt. 19-1 at ¶ 8). No limitations are placed on these deductions, they include all deductions from "between October 3, 2015 and November 9, 2019" (*id.*) irrespective of where such deductions occurred or the rate at which they would be recoverable. It is Defendants' removal paperwork and opposition, however, that are claiming that these deductions are in controversy, not the Plaintiff's complaint or further writing. Plaintiff's Complaint simply states that "DEFENDANTS routinely made unlawful deductions from the compensation paid to the PLAINTIFF and CLASS MEMBERS for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the PLAINTIFF's and CLASS MEMBERS' dishonest or willful act, or to the gross negligence of the PLAINTIFF and CLASS MEMBERS…" (Dkt 9-1 at ¶ 63). Similarly, Plaintiff alleged that "DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct

consequence of the discharge of their duties while working under the direction of DEFENDANTS…" (*Id.* at ¶ 54). Plaintiff specifically references several of these expenses and they are not the deductions listed by Defendants, but instead lists "expenses for uniforms, cell phone usage, and other employment-related expenses…" (*Id.*). Moreover, Defendants' declaration from a corporate representative is insufficient as Defendants rely on self-serving assumptions regarding the amount in controversy. See *Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013)* ("The only evidence the defendants proffer to support their calculation of the amount in controversy is a declaration by their supervisor of payroll… Beyond this, the defendants rely on speculative and self-serving assumptions about key unknown variables… [concluding] that Archstone's evidence was insufficient to support removal jurisdiction under CAFA.")

## IV. CONCLUSION

Even assuming Defendants removed this matter in a timely manner, application of the Defendants' own 64% figure of driving completed in California reduces Defendants $14,782,087.87 figure to $9,460,536.24 for even a 100% violation rate Defendants themselves state to have been "authorized" by the class members. Further, assuming that over 50% of these deductions were "unlawful" and therefore recoverable under the Plaintiff's complaint reduces Defendants' amount in controversy below the $5,000,000 required by CAFA. Therefore, based on the foregoing argument and authority, Plaintiff respectfully requests that the Court remand this case to Los Angeles Superior Court.

Dated: February 24, 2020　　　　　Respectfully Submitted,

**THE KICK LAW FIRM, APC**

By:　/s/ Daniel J. Bass
　　　Taras Kick
　　　Daniel J. Bass
　　　Roy K. Suh
　　　Attorneys for Plaintiff Clayton Salter
　　　on behalf of himself and all others
　　　similarly situated