Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Christopher J. Eckhart, admitted *Pro Hac Vice (pending)*
ceckhart@scopelitis.com
E. Ashley Paynter, admitted *Pro Hac Vice*
apaynter@scopelitis.com
Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00479-JFW-JPR<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE PROPOSED STATEMENT OF DECISION OUT OF TIME; POINTS AND AUTHORITIES**<br><br>Courtroom:  7A<br>Judge:    Hon. John F. Walter |

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Quality Carriers, Inc. and Quality Distribution, Inc. (collectively, Quality) apply *ex parte* to this Court, under Local Rules of Civil Procedure 7-10 and 7-19, for an Order granting Quality leave to lodge their Proposed Statement of Decision (ECF No. 24) out of time.

Good cause exists to grant Quality's *ex parte* application for leave to lodge their proposed statement of decision out of time because accepting Quality's Notice of Lodging of Proposed Statement of Decision, which was filed fourteen minutes after the Court's 4:00 p.m. filing deadline, will not prejudice Plaintiff, and Quality's failure to file by the 4:00 p.m. deadline was a product of excusable neglect. Specifically, the filing deadline was inadvertently mis-calendared for one day after the deadline. As is evident from the fact that Quality was able to lodge its Proposed Statement of Decision within fourteen minutes of the deadline, Quality was diligent in preparing the statement in order to comply with the Court's standing order.

Quality seeks relief on an *ex parte* basis because there is insufficient time before the hearing on the Motion to Remand for Quality to bring a regularly noticed motion, and Quality will be prejudiced if the Court determines it has consented to Plaintiff's Motion to Remand after the motion was fully briefed and Quality filed its proposed statement of decision fourteen minutes after the Court's 4:00 p.m. filing deadline.

This Application is based on itself, the accompanying Memorandum of Points and Authorities, the Declaration of E. Ashley Paynter (Paynter Decl.), the pleadings and papers on file in this action, and upon such other oral argument as may be presented to the Court at or before the hearing on this Application.

Pursuant to Local Rule 7-19, counsel for Quality conferred with Plaintiff's counsel on February 27, 2020, regarding Quality's intention to seek leave to lodge their proposed statement out of time. Plaintiff's counsel stated that Plaintiff was not prepared to provide his position with respect to this Ex Parte Application. Defendants' counsel followed up with Plaintiff's counsel by email and Plaintiff's counsel informed Defendants' counsel that Plaintiff opposes Defendants' Ex Parte Application.

The contact information for Plaintiff's counsel is as follows:

>The Kick Law Firm, APC
>Daniel J. Bass
>daniel@kicklawfirm.com
>815 Moraga Drive
>Los Angeles, CA 90049
>(Tel): (310) 395-2988

| | |
|---|---|
| Dated: February 28, 2020 | Respectfully submitted, |
| | */s/ E. Ashley Paynter* <br> E. Ashley Paynter |
| | Attorney for Defendants, <br> Quality Carriers, Inc. and Quality Distribution, Inc. |

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Quality Carriers, Inc. and Quality Distribution, Inc. (collectively, Quality), file this *ex parte* application seeking leave from the Court to file their Notice of Lodging of Proposed Statement of Decision (ECF No. 24) fourteen minutes out of time.

## II. ARGUMENT

### A. Ex Parte Relief Is Warranted.

Defendants are seeking this *ex parte* relief because there is insufficient time to request this relief by a regularly noticed motion before the scheduled hearing on the Motion to Remand. Quality will be irreparably harmed if the Court considers its motion on the regular motion calendar. If Quality filed this motion on the regular calendar, it could not be heard until at least March 26, 2020, well after the March 9, 2020 hearing on Plaintiff's Motion to Remand. If the Court resolves Plaintiff's Motion in Plaintiff's favor, it will divest itself of jurisdiction prior to considering Quality's Motion at all. As discussed below, the timing of Quality's filing is as a result of excusable neglect. Given the equities of the situation, which are discussed below, resolving Quality's request for a fourteen-minute extension of time prior to resolving Plaintiff's Motion to Remand is appropriate.

### B. Defendants' Requested Extension is Warranted.

Federal Rule of Civil Procedure 6(b)(1) provides that a court may, for good cause, extend the time for any act which must be done within a specified time after the time has expired if the party failed to act because of excusable neglect. District courts have discretion in determining whether good cause exists because of excusable neglect, and the determination for whether negligence is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding a party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824-25 (9th Cir. 1996) (holding that the Supreme Court's analysis of "excusable neglect" applies to Rule 6(b)).

Relevant considerations include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Here, there is no danger of prejudice to Plaintiff. Quality lodged its Proposed Statement of Decision fourteen minutes after the deadline. Moreover, Plaintiff had ample opportunity to address the merits of Plaintiff's Motion to Remand, including Quality's substantive opposition to the Motion, as part of the normal briefing schedule under the Local Rules. The statement of decision is simply a proposed order that is consistent with Quality's position on Plaintiff's Motion to Remand. Due to the limited period of time between the deadline and the filing, and the fact Plaintiff has already had the opportunity to respond to Quality's arguments, Plaintiff has not been prejudiced. Moreover, the brief delay in filing the proposed statement of decision will have no impact on the judicial proceedings.

In addition, the delay was occasioned by an error in calendaring. Specifically, Quality's counsel had calendared the deadline for filing the Notice of Lodging of the Proposed Statement of Decision for February 27, 2020. *Paynter Decl.*, ¶ 5. Counsel for Quality received notice from the Court's system at 6:57 ET/3:57 PT that Plaintiff had filed his Notice of Lodging Proposed Statement of Decision. *Id.* Counsel for Quality quickly checked the Court's standing order and realized the error in calendaring. *Id.* Because Quality was prepared to file it on the next day, counsel for Quality was able to put together the Notice of Lodging quickly, convert both it and the Proposed Statement of Decision to PDF and file them. *Id.* It is apparent that Quality was diligent in preparing its Proposed Statement of Decision given that Quality filed within fourteen minutes of the deadline. Quality acted in good faith[1] and apologizes to the court for any inconvenience. For these reasons, an extension under Rule 6(b)(1) is appropriate and

---

[1] Indeed, Counsel for Quality did not review Plaintiff's Proposed Statement of Decision before filing Quality's Proposed Statement of Decision. *Paynter Decl.*, ¶ 6.

Quality requests that the Court consider Quality's Proposed Statement of Decision (ECF No. 24) as though it was timely filed.

## III. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' Application for an Order permitting Quality to lodge its Proposed Statement of Decision Out of Time.

Dated: February 28, 2020

Respectfully submitted,

*/s/ E. Ashley Paynter*
E. Ashley Paynter

Attorney for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

4843-5410-7574, v. 6