CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 20-479-JFW(JPRx)** | Date: March 12, 2020 |

Title:   Clayton Salter -v- Quality Carriers, Inc., et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [filed 2/10/20; Docket No. 17]

On February 10, 2020, Plaintiff Clayton Salter ("Plaintiff") filed a Motion to Remand Case to Los Angeles Superior Court ("Motion"). On February 14, 2020, Defendants Quality Carriers, Inc. ("Quality Carriers") and Quality Distribution, Inc. ("Quality Distribution") (collectively, "Defendants") filed their Opposition. On February 24, 2020, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's March 9, 2020 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   Factual and Procedural Background**

On October 3, 2019, Plaintiff filed a Class Action Complaint against Defendants in Los Angeles Superior Court, alleging causes of action for: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged or quitting employees; (6) failure to maintain required records; (7) failure to provide accurate itemized statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unlawful deductions from wages; and (10) unfair and unlawful business practices. On October 16, 2019, Quality Carriers was served with the Summons and Complaint. On October 18, 2019, Quality Distribution was served with the Summons and Complaint.

On January 16, 2020, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").

## II. Legal Standard

"CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010); *see Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed to federal court, subject to more liberalized jurisdictional requirements"). CAFA vests district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and is a class action consisting of more than 100 members "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating System Co., LLC v. Owens*, 574 U.S. 81 (2014). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). "A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy, or that affirmatively states that the amount in controversy does not exceed $5,000,000, if a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5,000,000, to satisfy other requirements under CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

In *Dart Cherokee,* 135 S.Ct. 547, the Supreme Court did not mandate that a plaintiff seeking to remand an action must always submit evidence challenging the amount in controversy. Instead, the Supreme Court in *Dart Cherokee*, along with the Ninth Circuit in *Ibarra*, only require a plaintiff to come forward with contrary evidence when the removing defendant has produced evidence to meet its initial burden. *See, e.g., Ibarra*, 775 F.3d at 1197 (holding that a "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one"); *see also id.* at 1199 ("[Defendant], as the removing [party], has the burden of proof on this"). Once the defendant has done so, then the burden shifts to the plaintiff to produce evidence. In other words, although the plaintiff may rebut the defendant's evidence with his or her own evidence, he or she need not do so in order to prevail on his or her motion for remand. *See, e.g., Leon v. Gordon Trucking, Inc.*, 2014 WL 7447701, *10, fn. 40 (C.D. Cal. 2014) ("Here, [plaintiff] filed a motion to remand; thus *Dart Cherokee* makes clear that it was [defendant's] burden to come forth with evidence establishing the amount in controversy. As noted, it has failed to do so"); *Marentes v. Key Energy Svcs. Cal., Inc.*, 2015 WL 756516, *3 (E.D. Cal. 2015) (granting motion to remand based on plaintiff's challenge to defendant's calculations as "rely[ing] solely on speculation and

unsubstantiated assumptions"); *Reyna v. Fore Golf Management, Inc.*, 2015 WL 881390, *1 (C.D. Cal. 2015) (granting motion to remand in wage and hour class action where plaintiff moved to remand based solely on challenges to defendant's evidence and assumptions in calculating the amount in controversy).

III.     **Discussion**

In the Notice of Removal, Defendants assume that the $5,000,000 amount in controversy requirement is met based on their unsupported allegation that Defendants' "records indicate that, during the relevant period, putative class members authorized [Defendants] to deduct in excess of $5,000,000 for fuel, insurance, maintenance, repair, and tax expenses." Notice of Removal, ¶ 6. However, Plaintiff argues in his Motion that Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Specifically, Plaintiff contends that Defendants' allegations are based entirely on assumptions, speculation, and are overinclusive. Plaintiff also argues that Defendants' Notice of Removal and Opposition to Plaintiff's Motion are devoid of any foundational facts or evidence needed to support the reasonableness of its assumptions. As Plaintiff points out, the only evidence offered in support of Defendants' Notice of Removal and its Opposition is the declaration of Cliff Dixon ("Dixon"), Quality Distribution's Chief Information Officer, and that declaration relies on self-serving assumptions regarding the amount in controversy.

The Court agrees with Plaintiff. The unsupported and conclusory statements in Dixon's declaration are insufficient to establish that the amount in controversy exceeds $5 million. *See Contreras v. J.R. Simplot Co.*, 2017 WL 4457228, *3 (E.D. Cal. Oct. 5, 2017) ("A defendant's amount in controversy calculation is unjustified where the only evidence the defendant provides is 'a declaration by [its] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages'"); *see also Farley v. Dolgen Cal., LLC*, 2017 WL 3406096, at *3 (E.D. Cal. Aug. 8, 2017) ("Without corroborating documents, Cheesman's declaration, on which defendant heavily relies, is speculative and self-serving"). For example, Dixon states that "between October 3, 2015 and November 9, 2019, California Contractors authorized Quality Carrier to deduct a total of $11,512,642.86 from their weekly settlements for fuel purchases alone."[1] Declaration of Cliff Dixon ("Dixon Decl."), ¶ 8. Dixon also states that California Contractors authorized other deductions "for a total deduction value of $14,782,087.87." *Id.* However, Dixon fails to attach a single business record, spreadsheet, or other supporting document to his declaration to corroborate his testimony. In addition, although Dixon's declaration states that he is "familiar" with Defendants' record keeping program and his declaration is based on his "review and understanding of company practices and records," absent from his declaration is any attestation as to precisely what these records include or whether he actually reviewed any records before his declaration was drafted. Dixon Decl., ¶¶ 2 and 5. These failures are particularly egregious because Defendants, as the employer, have ready access to all the facts, records, and information necessary to support its amount in controversy calculations. *See, e.g.,* Cal. Lab. Code § 226. Therefore, Defendants have failed to provide the necessary foundation for its calculations and, thus, have failed to put forth summary-judgment-type evidence necessary to demonstrate its amount in controversy calculations. *Carranza v. Nordstrom,*

---

[1] Dixon defines a California Contractors as approximately 118 contractors who performed work in connection with one of Quality Carriers' California terminals. Dixon Decl., ¶ 5.

*Inc.*, 2014 WL 10537816, at *10 (C.D. Cal. Dec. 12, 2014) (evaluating "which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met").

In addition, Defendants' damages calculations are overinclusive. For example, the total deduction value of $14,782,087.87 Defendants use to demonstrate that the amount in controversy exceeds $5,000,000 simply assumes that Plaintiff's Complaint seeks the return of 100 percent of the deductions made by Defendants from the California Contractors between October 3, 2015 and November 9, 2019 without setting forth any basis in Plaintiff's Complaint or otherwise supporting that assumption. *See, e.g., Serran v. Pacific Coast Feather Cushion Co.*, 2017 WL 3720630 (C.D. Cal. Aug. 28, 2017) (holding that "the utilization of a 100% violation rate to calculate the putative class's monetary recovery for its meal and rest break claims is 'not grounded in real evidence'") (*quoting Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015)); *Pereira v. Gate Gourmet, Inc.*, 2009 WL 12121802 (C.D. Cal. Apr. 30, 2009) (holding that the defendant's evidence of amount in controversy was insufficient where the defendant calculated the value of claims based on a 30 day period but the facts alleged in the complaint suggested a 10 day period); *Zackaria v. Wal-Mart Stores, Inc.*, 2011 WL 6065169 (C.D. Cal. Dec. 5, 2011) (holding that the defendant failed to demonstrate its calculations were grounded in the claims asserted in the complaint rather than speculation and conjecture). In fact, when, such as in this case, a "plaintiff alleges a 'pattern and practice' of labor violations, the Ninth Circuit has found that a defendant's assumption of a 100 percent violation rate would be unreasonable." *Dobbs* v. *Wood Group PSN, Inc.*, 201 F. Supp. 3d 1184, 1188 (E. D. Cal. Aug. 16, 2016) ("Because Defendant relies on this unreasonable assumption to make its amount-in-controversy calculation, the Court finds Defendant's assertion that the figure exceeds $5 million to be merely speculative").

For all the foregoing reasons, the Court finds that Defendants have failed to carry their burden to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. *See, e.g., Marentes*, 2015 WL 756516, at *10 ("Because [defendant] fails to provide facts supporting the calculations, [defendant] has failed to carry the burden to demonstrate by a preponderance of the evidence that the amount of damages in controversy exceeds $5,000,000"); *see also Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that [defendant] universally, on each and every shift, violates labor laws by not giving rest and meal breaks, [defendant] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions"); *Smith v. Diamond Resorts Mgmt.*, 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) ("The Court is unpersuaded by such cases [supporting assumptions of one hour of overtime pay per week] primarily because '[a]s the employer, Defendant[s] ha[ve] access to employment and payroll records that would allow [them] to provide more accurate figures,' rather than mere estimations"). Accordingly, the Court concludes that it lacks jurisdiction over this action.

## IV. Conclusion

For all the foregoing reasons, Plaintiffs' Motion is **GRANTED**. This action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.