**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated, | No.   20-55709 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00479-JFW-JPR |
| v. | |
| QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation, | OPINION |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted August 11, 2020
Pasadena, California

Before: Diarmuid F. O'Scannlain and Consuelo M. Callahan, Circuit Judges, and Michael H. Watson,[*] District Judge.

Opinion by Judge Callahan

Clayton Salter, a truck driver, filed this putative class action against Quality Carriers, Inc. and Quality Distribution, Inc. (collectively "Quality"), alleging that

---

[*] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

Quality failed to provide truck drivers with meal breaks, rest periods, overtime wages, minimum wages, and reimbursement for necessary expenditures as required by California law.  The crux of Salter's claim is that Quality misclassified the truck drivers as independent contractors rather than employees.  In January 2020, Quality removed the action to the United States District Court for the Central District of California asserting that the amount in controversy exceeded $5 million. Salter filed a motion to remand to state court. The district court granted the motion finding that the declaration submitted by Quality failed to adequately show that the amount in controversy exceeded $5 million.  We hold that Salter challenged the form, not the substance, of Quality's showing, and the form of that showing was sufficient under our case law.  Accordingly, we vacate the remand order and remand this case to the district court.

I

In October 2019, Clayton Salter filed a class action lawsuit against Quality in the Los Angeles Superior Court, alleging that Quality misclassified its truck drivers as independent contractors, rather than employees.  The complaint asserted claims under California law for: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due to discharged or quitting employees; (6) failure to maintain required records; (7) failure to provide

accurate itemized statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; (9) unlawful deductions from wages; and (10) unfair and unlawful business practices. Quality was served on October 18, 2019.

In January 2020, Quality filed a notice of removal with the district court invoking federal court jurisdiction pursuant to 28 U.S.C § 1332(d), the Class Action Fairness Act of 2005 (CAFA).[1] Section 1332(d)(2) provides that a district court "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Salter moved to remand the case to state court asserting that Quality's notice of removal failed to demonstrate that at least $5 million was in controversy. Quality responded by submitting a declaration by Cliff Dixon, its Chief Information Officer, in support of its assertion that the amount in controversy exceeded $5 million.

Dixon's declaration states that he has been the Chief Information Officer since February 2018, has personal knowledge and understanding of company practices and records, and is familiar with Quality's record keeping programs. According to Dixon, those records reflect that: (1) between October 2015, and

---

[1] Salter challenged the timeliness of the notice of removal in the district court, but the district court did not reach this issue, and we decline to consider it in the first instance on appeal.

January 2020, "approximately 118 Contractors performed work in connection with one of [Quality's] California terminals"; (2) "[o]ne hundred and six or 89.8% of the Contractors are California residents as determined by their mailing addresses"; and (3) "approximately 186 Contractors who were connected with [Quality's] "independently owned California terminals received settlement statements between October 3, 2015 and November 9, 2019." The critical paragraphs of Dixon's declaration state that Quality's records indicated that between October 2015 and November 2019 it deducted over $14 million from the truck drivers' weekly settlements, including a total of $11,512,642.46 for fuel purchases alone. Dixon's declaration further states that based on the records maintained by Quality as part of the International Fuel Tax Agreement, of a total of approximately 105,177, 266 miles reported driven during the relevant time period, approximately 67, 376,290 miles, or 64% were driven in California.[2]

The district court found that the notice of removal assumed that Quality had deducted in excess of $5 million for fuel, insurance, maintenance, repairs, and tax expenses. The court concluded that the "unsupported and conclusory statements in Dixon's declaration are insufficient to establish that the amount in controversy

---

[2] Because the deductions for fuel far exceed the $5 million jurisdictional threshold, we need not consider the other deductions mentioned in Dixon's declaration. Even if the fuel deductions are reduced to reflect only those miles driven in California, they still exceed $5 million.

4

exceeds $5 million." The court noted that "Dixon fails to attach a single business record, spreadsheet, or other supporting document to his declaration to corroborate his testimony." It further noted that although Dixon states he is familiar with Quality's record keeping program, "absent from his declaration is any attestation as to precisely what these records include or whether he actually reviewed any records before his declaration was drafted." Addressing Quality's damage calculations, the district court noted that Quality "simply assumes" that Salter "seeks the return of 100 percent of the deductions made . . . without setting forth any basis in Plaintiff's Complaint or otherwise supporting that assumption."

## II

We review a district court remand order *de novo*. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020); *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

## III

### A.

CAFA gives federal courts jurisdiction over specified class actions if the amount in controversy exceeds $5 million.[3] 28 U.S.C § 1332(d). In order to

---

[3] The statute imposes other criteria such as the putative class having more than 100 members and the parties being minimally diverse, *see* 28 U.S.C. § 1332(d)(2), (d)(5)(3), but they are not at issue in this case.

remove a class action filed in state court to federal court, the defendant must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013).

The Supreme Court in *Dart Cherokee Basin Operating Sys. Co., LLC v. Owens*, 574 U.S. 81, 83 (2014), considered the question: "To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" The Court answered that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id* at 84. The Court noted that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id*. at 89. The Court further explained that where a plaintiff contests a defendant's allegation concerning the amount in controversy, both sides may "submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-

6

controversy requirement has been satisfied." *Id*. at 88.

Following *Dart*, we held that when the claimed amount in controversy is challenged "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1197-98. Developing this reasoning further in *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019), we stated:

> First, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements. Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions.

*Id*. at 922 (quoting and citing *Ibarra*, 775 F.3d at 1197-99).

B.

This appeal focuses on what a defendant must show for removal of a class action under CAFA when the amount in controversy is not clear from the complaint. Here, because the amount in controversy was not clear from Salter's complaint, Quality submitted Dixon's declaration to show that more than $5 million was in controversy. The district court, however, held that "[t]he unsupported and conclusory statements in Dixon's declaration are insufficient to establish that the amount in controversy exceeds $5 million." In support of the district court, Salter notes, quoting *Abrego*, 443 F.3d at 682, that "the removing

7

defendant has 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." He further argues that pursuant to *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014), Quality "must support [its] jurisdictional allegations with competent proof, under the same evidentiary standard that governs in the summary judgment context."

According to Salter, Quality failed to meet this standard by offering only a short declaration by one of its employees and not providing a single business record to support that declaration. He contends that the district court properly rejected the declaration because evidence submitted at summary judgment must satisfy the "best evidence rule," which requires that a party provide "the original of a writing, recording, or photograph" to "prove the contents thereof." Salter argues that because the best evidence rule applies whenever the contents of a document are sought to be proved, a declarant may not simply testify to the contents of a document, he must actually produce the document for it to be considered.

Salter fails to grasp the import of *Leite*. It was not a CAFA case, but instead concerned the federal officer removal statute, 28 U.S.C. § 1442(a)(1). More importantly, *Leite* recognized the difference between "facial" and "factual" attacks on jurisdictional allegations. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" 749 F.3d at 1121 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d

1035, 1039 (9th Cir. 2004)). For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id*. A factual attack, by contrast, "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* When a factual attack is mounted, the responding party "must support her jurisdictional allegations with 'competent proof' . . . under the same evidentiary standard that governs in the summary judgment context." *Id.* (citation omitted).

Here, Salter mounted only a facial attack, rather than a factual attack. In other words, he has not really challenged the truth of Quality's "plausible allegations." He did not question that there are over a hundred contractors who performed work for Quality between October 2015 and January 2020. Nor did he dispute that Quality deducted over $11 million from the weekly settlements for fuel purchases.[4] Salter did not assert that Quality misinterpreted the thrust of his complaint and did not offer any declaration or evidence that challenged the factual

---

[4] Salter did argue that deductions related to work performed outside of California were not covered. But this is not a meaningful challenge because the amount deducted for fuel alone is considerably more than $5 million, even when adjusted to discount for miles driven outside of California. Furthermore, because the deductions for fuel exceed $5 million, we need not consider the sufficiency of the allegations concerning the other deductions.

bases of Quality's plausible allegations.[5]

We hold that the district court erred by applying the standard for reviewing a factual attack on jurisdiction to Salter's facial attack on Quality's presentation. Salter did not challenge the rationality, or the factual basis, of Quality's assertions. Instead, he argued only that Quality "must support its assertion with competent proof." But such a challenge is foreclosed by the Supreme Court's decision in *Dart* and our opinion in *Arias*. In *Dart*, the Supreme Court indicated that a defendant "may simply allege or assert that the jurisdictional threshold has been met," 574 U.S. at 88-89, and in *Arias* we held that a removing defendant's notice of removal "'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements." *Arias*, 936 F.3d at 922 (quoting *Ibarra*, 775 F.3d at 1197);. *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (holding that a defendant seeking to remove under CAFA should not have been required to present evidence in support of its jurisdictional allegations when the plaintiff asserted a facial, rather than a factual, challenge to the notice of removal).

We therefore hold that the district court erred in treating Salter's attack on

---

[5] In contrast, in *Ibarra*, we found that the defendant's interpretation of the plaintiff's complaint was unreasonable. *Ibarra*, 775 F.3d at 1199 ("Because the complaint does not allege that Manheim universally, on each and every shift, violates labor laws by not giving rest and meal breaks, Manheim bears the burden to show that its estimated amount in controversy relied on reasonable assumptions.

10

Quality's presentation as a factual, rather than facial, challenge. The district court faulted Quality's presentation as relying on the "unsupported and conclusory statements in Dixon's declaration." But that is the inherent nature of "plausible allegations": they rely on "reasonable assumptions." *Arias*, 936 F.3d at 922. Salter, however, has not challenged any of Quality's essential assumptions or shown that any one was unreasonable. Accordingly, because Quality only needed to "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart*, 574 U.S. at 89, the district court's remand order is vacated and this matter is remanded to the district court.

**VACATED and REMANDED**