1 | **THE KICK LAW FIRM, APC**
2 | Taras Kick (State Bar No. 143379)
  | taras@kicklawfirm.com
3 | Daniel J. Bass (State Bar No. 287466)
  | daniel@kicklawfirm.com
  | Roy K. Suh (State Bar No. 283988)
4 | Roy@kicklawfirm.com
  | 815 Moraga Drive
5 | Los Angeles, California 90049
  | Telephone:   (310) 395-2988
6 | Facsimile:    (310) 395-2088

7 | Attorneys for Plaintiff Clayton Salter,
  | individually and on behalf of all others
8 | similarly situated

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | CLAYTON SALTER, individually and on behalf of all others similarly situated,

CASE NO.: 2:20-cv-00479-JFW-JPR

Assigned to the Honorable John F. Walter

Plaintiff,

vs.

**FIRST AMENDED COMPLAINT**

QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive.

Courtroom:        7A
Judge:             John F. Walter

Defendants.

**INTRODUCTION**

PLAINTIFF CLAYTON SALTER ("Mr. Salter" or "plaintiff") an individual, demanding a jury trial, on behalf of himself and other persons similarly situated, hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF is a resident of the State of California, and Defendants QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation (collectively "Quality" or "defendants"), are qualified to do business in California and regularly conduct business in California.  Further, no federal question is at issue because the claims are based solely on California law.

2.      Venue is proper in this judicial district and the County of Los Angeles, California because Mr. Salter, and other persons similarly situated, performed work for Quality in the County of Los Angeles, Quality maintain offices and facilities and transact business in the County of Los Angeles, and because Quality's illegal payroll policies and practices which are the subject of this action were applied, at least in part, to Mr. Salter, and other persons similarly situated, in the County of Los Angeles.

3.      This matter was removed to the United States District Court for the Central District of California, where the matter is currently pending, despite Mr. Salter's dispute of jurisdiction and attempt to remand.

**PLAINTIFF**

4.      Mr. Salter is a resident of the State of California and was an employee of the defendants working as a semitruck driver.

5.      Mr. Salter began working for the defendants on or around March 2007 and made his last delivery for defendants on or around August 3, 2019.

6.      When Mr. Salter was first employed, and for several years thereafter,

the defendants classified Mr. Salter a "company driver"—the term the defendants use for employees of the company.

7.      On or around March 3, 2015, defendants reclassified Mr. Salter as an independent contractor.

8.      Despite being reclassified, Mr. Salter's job duties remained the same.

9.      In fact, throughout his time working for the defendants, Mr. Salter's job duties—and the defendants' control over him as he performed those duties—remained the same.

10.     Throughout Mr. Salter's employment with the defendants he received dispatches from defendants and defendants alone, regardless of how defendants classified him.

11.     Throughout Mr. Salter's employment with the defendants the dispatches Mr. Salter received from defendants directed Mr. Salter not only where to pick up and deliver his loads, but also when to begin work and the window in which Mr. Salter had to make each delivery.

12.     Despite there being no difference in Mr. Salter's work when the defendants reclassified him as an independent contractor, there was a difference in his pay. After labeling him an independent contractor, the defendants began deducting its business costs from Mr. Salter's paycheck, including but not limited to, fuel expenses, vehicle maintenance and vehicle lease payments.

13.     And defendants have continued to withdraw these company business expenses from Mr. Salter's paycheck each pay period.

14.     Throughout Mr. Salter's employment with the defendants, the dispatches Mr. Salter received from defendants created a schedule which did not allow for compliant meal or rest breaks.

15.     Plaintiff, on behalf of himself and other similarly situated current and former non-exempt employees of defendants in the State of California at any time during the four years preceding the filing of this action, and continuing while this

action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

16.    Plaintiff brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees, including but not limited to those misclassified as independent contractors, of defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). Plaintiff reserves the right to name additional class representatives.

## DEFENDANTS

17.    Defendants are trucking companies operating throughout the United States, including within California.

18.    Plaintiff is informed and believes, and thereon alleges, that Defendant Quality Carriers, Inc. is, and at all times relevant hereto was, the subsidiary of Defendant Quality Distribution, Inc.

19.    Plaintiff is informed and believes, and thereon alleges, that Defendant Quality Carriers, Inc. is, and at all times relevant hereto was, an Illinois Corporation organized and existing under the laws of the State of Illinois. Plaintiff is further informed and believes, and thereon alleges, that Defendant Quality Carriers, Inc is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, Defendant Quality Carriers, Inc maintains offices and facilities and conducts business in, and engages in illegal payroll

1    practices or policies in, the County of Los Angeles, State of California.

2        20.    Plaintiff is informed and believes, and thereon alleges, that Defendant

3    Quality Distribution, Inc. is, and at all times relevant hereto was, a Florida

4    Corporation organized and existing under the laws of the State of Florida.  Plaintiff

5    is further informed and believes, and thereon alleges, that Defendant Quality

6    Distribution, Inc.  is not authorized to conduct business in the State of California,

7    but does conduct business in the State of California. Specifically, Defendant

8    Quality Distribution, Inc. maintains offices and facilities and conducts business in,

9    and engages in illegal payroll practices or policies in, the County of Los Angeles,

10   State of California.

11       21.    The defendants, and each of them, were alter egos of each other and/or

12   engaged in an integrated enterprise with each other.   Additionally, all of the

13   defendants were joint employers of Mr. Salter.

14       22.    There exists, and at all times herein mentioned existed, a unity of

15   interest and ownership between the named defendants, such that any corporate

16   individuality and separateness between the named defendants has ceased, and that

17   the named defendants are alter egos in that the named defendants effectively

18   operate as a single enterprise, or are mere instrumentalities of one another.

19       23.    At all material times herein, each defendant was the agent, servant, co-

20   conspirator and/or employer of each of the remaining defendants, acted within the

21   purpose, scope, and course of said agency, service, conspiracy and/or employment

22   and with the express and/or implied knowledge, permission, and consent of the

23   remaining defendants, and ratified and approved the acts of the other defendants.

24   However, each of these allegations are deemed alternative theories whenever not

25   doing so would result in a contradiction with the other allegations.

26       24.    Whenever reference is made in this Complaint to any act, deed, or

27   conduct of defendants, the allegation means that defendants engaged in the act,

28   deed, or conduct by or through one or more of its officers, directors, agents,

employees, or representatives who was actively engaged in the management, direction, control, or transaction of defendants' ordinary business and affairs.

25.   As to the conduct alleged herein, each act was authorized, ratified or directed by defendants' officers, directors, or managing agents.

26.   At all relevant times herein, Mr. Salter and Class Members were employed by defendants. In perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying Mr. Salter and Class Members all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate Plaintiff and Class Members for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

27.   Plaintiff is informed and believes, and thereon alleges, that each and every of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

28.   Pursuant to California Labor Code § 558.1, defendants and any person acting on behalf of any of the defendants, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

29.   As a direct and proximate result of the unlawful actions of defendants, Mr. Salter has suffered, and continues to suffer, from loss of earnings in amounts as

yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

30.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on the Defendants' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of the Plaintiff are typical of the class because defendants subjected all of their hourly employees to the identical violations of the California Labor Code and California Business and Professions Code.

d.     Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## CLASS ACTION

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 9-2001, § 11]

### (Against All Defendants)

31.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

32.     During the Class Period, as part of defendants' illegal payroll policies

and practices to deprive their non-exempt employees all wages earned and due, defendants required, permitted or otherwise suffered Mr. Salter and Class Members to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to Mr. Salter and Class Members pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

33.     Defendants further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate Mr. Salter and Class Members who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

34.     Defendants further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate Mr. Salter and Class Members for all hours worked during their meal periods.

35.     As a proximate result of the aforementioned violations, Mr. Salter and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]

### (Against All DEFENDANTS)

36.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

37.     At all times relevant herein, as part of defendants' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, defendants failed to provide rest periods to Mr. Salter and Class Members as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

38.     Defendants further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay Mr. Salter and Class Members who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

39.     As a proximate result of the aforementioned violations, Mr. Salter and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]

### (Against All DEFENDANTS)

40.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

41.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

42.     During the Class Period, defendants failed to pay Mr. Salter and Class Members minimum wages for all hours worked by, among other things: requiring, permitting or suffering Mr. Salter and Class Members to work off the clock; requiring, permitting or suffering Mr. Salter and Class Members to work through meal and rest breaks; illegally and inaccurately recording time in which Mr. Salter and Class Members worked; failing to properly maintain Mr. Salter's and Class Members' records; failing to provide accurate itemized wage statements to Mr. Salter and Class Members for each pay period; and other methods to be discovered.

43.     Defendants' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4.  As a proximate result of the aforementioned violations, Mr. Salter and Class Members have been damaged in an

amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, Mr. Salter and Class Members are entitled to recover the unpaid balance of wages owed to them by defendants, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged or Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against All DEFENDANTS)**

44.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

45.     Pursuant to California Labor Code § 201, 202, and 203, defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

46.     Furthermore, pursuant to California Labor Code § 202, defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

47.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

48.     During the Class Period, defendants have willfully failed to pay accrued wages and other compensation to Mr. Salter and Class Members in accordance with California Labor Code §§ 201 and 202.

49.     As a result, Mr. Salter and Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

50.     As a proximate result of defendants' unlawful actions and omissions, Mr. Salter and Class Members have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### [Cal. Labor Code §§ 226; IWC Wage Order No. 9-2001, § 7]

### (Against All Defendants)

51.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52.     During the Class Period, defendants routinely failed to provide Mr. Salter and Class Members with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing Mr. Salter and Class Members, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 9-2001, § 7.

53.     During the Class Period, defendants knowingly and intentionally failed to provide Mr. Salter  and Class Members with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

54.     As a proximate result of defendants' unlawful actions and omissions, Mr. Salter and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, Mr. Salter and Class Members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SIXTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against All Defendants)**

55.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

56.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

57.     During the Class Period, defendants knowingly and willfully failed to indemnify Mr. Salter and Class Members for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of defendants, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

58.    As a proximate result of defendants' unlawful actions and omissions, Mr. Salter and Class Members have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, Mr. Salter and Class Members are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNLAWFUL WAGE DEDUCTIONS**

**[Cal. Labor Code §§ 221, 223, 400-410; IWC Wage Order No. 9-2001, § 8]**

**(Against All Defendants)**

59.    Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

60.    California Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

61.    California Labor Code § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

62.    California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

63.     California Labor Code §§ 400-410 provide the limited circumstances under which an employer can exact a cash bond from its employees and are designed to protect employees from taking or misappropriating employee funds held by the employer in trust.

64.     IWC Wage Order No. 9-2001, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

65.     These and related statutes reflect California's fundamental and substantial public policy protecting employee wages.  Specifically, these and related statutes are designed to prohibit and prevent employers from using deductions or other similar practices to drive down the wage scale, indirectly paying employees less than the stated wage, subjecting employees to unanticipated or unpredicted reductions in their wages, making employees the insurers of their employer's business losses, or otherwise passing the ordinary business losses of the employer onto the employee.

66.     During the Class Period, defendants routinely made unlawful deductions from the compensation paid to the Mr. Salter and Class Members for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the Mr. Salter's and Class Members' dishonest or willful act, or to the gross negligence of the Mr. Salter  and Class Members in violation of California Labor Code §§ 221, 222.5, 223, 400-410 and IWC Wage Order No. 9-2001, § 8.

67.     As a proximate result of defendants' unlawful actions and omissions, Mr. Salter and Class Members have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, Mr. Salter and Class Members are entitled to all available statutory

penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

### (Against All Defendants)

68.     Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

69.     Each and every one of defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to defendants' failure and refusal to provide required meal periods, defendants' failure and refusal to provide required rest periods, defendants' failure and refusal to pay overtime compensation, defendants' failure and refusal to pay minimum wages, defendants' failure and refusal to pay all wages due to discharged or quitting employees, defendants' failure and refusal to furnish accurate itemized wage statements and to maintain required records, defendants' practice of making unlawful deductions from employees' wages, and defendants' failure and refusal to indemnify Mr. Salter and Class Members for necessary expenditures and/or losses incurring in discharging their duties constitutes unfair and unlawful business practices under California Business and Professions Code § 17200 *et seq*.

70.     Defendants' violations of California wage and hour laws constitute a business practice because defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Mr. Salter and Class Members.

71.     Defendants have avoided payment of wages, overtime wages, meal

periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

72.    As a result of defendants' unfair and unlawful business practices, defendants have reaped unfair and illegal profits during the Class Period at the expense of Mr. Salter, Class Members, and members of the public. defendants should be made to disgorge their ill-gotten gains and to restore them to Mr. Salter and Class Members.

73.    Defendants' unfair and unlawful business practices entitle Mr. Salter and Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that defendants account for, disgorge, and restore to Mr. Salter and Class Members the wages and other compensation unlawfully withheld from them. Mr. Salter and Class Members are entitled to restitution of all monies to be disgorged from defendants in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

**Additional Facts Regarding a Representative Action for Civil Penalties**

74.    Pursuant to California Labor Code §§ 2699.3, Mr. Salter gave written notice on October 3, 2019 by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to defendants of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Mr. Salter, individually and on behalf of all other persons similarly situated, by his attorneys, respectfully pray for relief against defendants as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to Mr. Salter, including disgorged profits from the unfair and unlawful business practices of defendants;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4.    For liquidated damages pursuant to California Labor Code § 1194.2;

5.    For preliminary and permanent injunction enjoining defendants from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful and unfair business practices complained of herein;

6.    For actual and/or statutory damages and/or penalties pursuant to California Labor Code § 226(e);

7.    For waiting time penalties pursuant to California Labor Code § 203;

8.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by California Labor Code §§ 226(e) and 2699;

9.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287, 3288, and 3336, and/or any other applicable provision providing for pre-judgment interest;

10.   For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699 and 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

11.   For declaratory relief;

12.   For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action as a class action;

13.   For an order appointing Mr. Salter as class representative, and Mr. Salter's counsel as class counsel; and

14.   For such other and further relief that the Court may deem just and

1    proper.

2                    **<u>DEMAND FOR JURY TRIAL</u>**

3          Plaintiff hereby demands a jury trial with respect to all issues triable of right

4    by jury.

5    Dated:  November 30, 2020                     Respectfully Submitted,

6                                                  **THE KICK LAW FIRM, APC**

7                                          By:     <u>/s/ Daniel J. Bass</u>
                                                   Taras Kick
8                                                  Daniel J. Bass
                                                   Roy K. Suh
9                                                  Attorneys for Plaintiff Clayton Salter
                                                   on behalf of himself and all others
10                                                 similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28