Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Christopher J. Eckhart (SBN 331414)
ceckhart@scopelitis.com
E. Ashley Paynter (SBN 333428)
apaynter@scopelitis.com
Alaina C. Hawley (SBN 309191)
ahawley@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00479-JFW-JPR<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Hearing Date: April 5, 2021<br>Time: 1:30 p.m.<br>Courtroom: 7A<br>Judge: John F. Walter |

Defendants, Quality Carriers, Inc. (Quality) and Quality Distribution, Inc. (Quality Distribution), respectfully submit this Notice of Supplemental Authority in Support of their Opposition to Plaintiff's Motion for Class Certification (ECF No. 58).

On April 1, 2021, the Ninth Circuit issued its unpublished decision in *Cole v. CRST Van Expedited, Inc.*, No. 17-55606 (9th Cir. Apr. 1, 2021), which is attached as Exhibit A. In *Cole*, the Ninth Circuit affirmed the district court's order decertifying the

1

plaintiff's meal and rest break sub-classes and granting summary judgment in favor of CRST Van Expedited, Inc. (CRST) on the plaintiff's individual meal and rest break claims brought under California law. *Id.* In affirming decertification, the Ninth Circuit held that the District Court did not abuse its discretion because the plaintiff "was unable to satisfy the predominance requirement imposed by Federal Rule of Civil Procedure 23(b)(3). *Id.* at 4. More specifically, the Court noted that the district court properly concluded that "individualized inquiries predominated regarding the multitude of reasons that CRST drivers may or may not have taken the entire meal and rest periods afforded under California law and provided by CRST." *Id.* In support of that conclusion, the Court referred to deposition testimony that: (i) CRST never instructed the plaintiff or other CRST drivers not to take breaks, thereby undermining the plaintiff's contention that CRST's mileage requirements precluded the taking of breaks; and (ii) the meal and rest break requirements contained in the IWC wage order were posted at CRST's terminal. *Id.* at 3.

*Cole* is persuasive authority supporting the additional basis Defendants argue in opposition to Plaintiff's request for certification of those claims―that "[w]hether a Contractor actually took a meal break, and if not, the reason why, requires testimony from individual Contractors," and that individual issues therefore predominate with respect to those claims. *Id.* at 28. Just as in *Cole*: (i) Plaintiff has proffered no evidence that Defendants had a uniform policy precluding drivers from taking breaks; (ii) Plaintiff and other drivers testified that Defendants never instructed them not to take breaks; and (iii) the IWC Wage Order containing California's meal and rest break requirements was posted at the terminal Plaintiff was based out of. The Ninth Circuit's holding in *Cole* supports the conclusion that Plaintiff has not satisfied Rule 23(b)(3)'s predominance requirement under such circumstances.

| | | |
|---|---|---|
| 1 | Dated: April 2, 2021 | Respectfully submitted, |
| 2 | | */s/ Christopher J. Eckhart* |
| 3 | | Christopher J. Eckhart |
| 4 | | Attorney for Defendants, |
| 5 | | Quality Carriers, Inc. and Quality Distribution, Inc. |
| 6 | 4818-8928-1251, v. 3 | |

3