**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
taras@kicklawfirm.com
Daniel J. Bass (State Bar No. 287466)
daniel@kicklawfirm.com
Roy K. Suh (State Bar No. 283988)
Roy@kicklawfirm.com
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:    (310) 395-2088

**GUPTA WESSLER PLLC**
Matthew W.H. Wessler (admitted *pro hac vice*)
matt@guptawessler.com
Jennifer D. Bennett (State Bar No. 296726)
jennifer@guptawessler.com
1900 L Street NW Suite 312
Washington, D.C. 20036
Telephone:   (202) 888-1741
Facsimile:    (202) 888-7792

Attorneys for Plaintiff Clayton Salter, individually and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:20-cv-00479-JFW-JPR<br><br>Assigned to the Honorable John F. Walter<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hearing Date:   April 5, 2021<br>Time:                 1:30 p.m.<br>Courtroom:       7A<br>Judge:               John F. Walter |

Quality suggests that the Ninth Circuit's recent unpublished decision in *Cole v. CRST Van Expedited, Inc.*, No. 17-55606 (9th Cir. Apr. 1, 2021) "supports the conclusion" that, here, Rule 23(b)(3)'s predominance requirement has not been satisfied. (ECF 74 at 2). But *Cole* was not a misclassification case. Instead, it involved claims exclusively brought on behalf of class of *employed* truck drivers. That difference matters for class certification purposes because it fundamentally changes the nature of the predominance inquiry. For misclassification cases, like this one, it is the threshold question of whether workers are employees or independent contractors that drives the analysis. But, for a case like *Cole*, that common question falls out of the inquiry, leaving predominance to turn on how the plaintiff can prove why drivers "may or may not have taken entire meal and rest breaks periods afforded under California law." (ECF 74-1 at 4).

Even as to that limited question, however, the plaintiff in *Cole* failed to show that the defendant had adopted a noncompliant "formal meal and rest break policy." (ECF 74-1 at 4). The record included statements from both drivers and corporate representatives that the defendant had not "imposed a policy that prevented its drivers from taking the mandated rest and meal breaks." *Cole v. CRST Expedited, Inc.*, 932 F.3d 871, 875 (9th Cir. 2019). Here, by contrast, the plaintiff has alleged, and the record confirms, that Quality *has* a universally noncompliant policy—common to every class member—of only giving its drivers one thirty-minute break per eight hours of work. (*See* ECF 54-1 at 19 [citing the testimony of Quality's own corporate representative]). Whether drivers are employees, and are therefore entitled to compensation for non-compliant periods, is a question that can be answered on a classwide basis.

*Cole*, however, nicely illustrates the correct approach courts should follow when deciding an initial, pre-merits motion for class certification. In *Cole*, the district court initially certified the proposed class because it had not yet resolved the merits. Only *after* deciding, at summary judgment, that the defendant had not

"precluded its drivers from taking the mandated meal and rest breaks" did the district court *then* determine that individualized issues would predominate. So, even were this Court to agree with that *Cole* is "persuasive authority," the proper approach at this stage—before the merits have been addressed—is to certify the class.

Dated: April 5, 2021

Respectfully Submitted,

By: /s/ Daniel J. Bass

Taras Kick
Daniel J. Bass
Roy K. Suh
**THE KICK LAW FIRM, APC**

Matthew W.H. Wessler
Jennifer D. Bennett
**GUPTA WESSLER PLLC**

Attorneys for Plaintiff Clayton Salter, on behalf of himself and all others similarly situated