1  C. Taras Kick (State Bar No. 143379)
   taras@kicklawfirm.com
2  John E. Stobart (State Bar No. 248741)
   stobart@kicklawfirm.com
3  THE KICK LAW FIRM, APC
   815 Moraga Drive
4  Los Angeles, CA 90049
   P: 310-395-2988
5  F: 310-395-2088

6
7  Matthew W.H. Wessler, admitted *Pro Hac Vice*
   matt@guptawessler.com
8  GUPTA WESSLER PLLC
   1900 L Street, Suite 312
9  Washington, DC. 20036
   P: 617-286-2392
10 F: 212-232-7203

11 Jennifer D. Bennett (State Bar No. 296726)
   jennifer@guptawessler.com
12 GUPTA WESSLER PLLC
   100 Pine Street, Suite 1250
13 San Francisco, CA 94111
   P: 415-573-0336
14
15 Attorneys for Plaintiff Clayton Salter

16 **(additional counsel listed on next page)**

17        UNITED STATES DISTRICT COURT
18        CENTRAL DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| 20 CLAYTON SALTER, individually, and on behalf of all others similarly situated, | Case No.: 2:20-cv-00479-JFW-JPR |
| 21 | |
| Plaintiff, | **JOINT STATEMENT REGARDING THE PARTIES'** |
| 22 | **LOCAL RULE 7-3 CONFERENCE** |
| vs. | |
| 23 | |
| 24 QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY | |
| 25 DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through | Complaint Filed: October 3, 2019 |
| 26 100, inclusive, | Courtroom: 7A |
| | Judge: Hon. John F. Walter |
| 27 Defendants. | |
| 28 | |

Christopher C. McNatt, Jr. (State Bar No. 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Christopher J. Eckhart (State Bar No. 331414)
ceckhart@scopelitis.com
E. Ashley Paynter, (State Bar No. 333428)
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Jared S. Kramer, admitted *Pro Hac Vice*
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
P: 312-255-7200
F: 312-422-1224

Andrew R. Brehm, admitted *Pro Hac Vice*
abrehm@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
330 E. Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
P: 414-219-8500
F: 414-278-0618

Attorneys for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

Defendants Quality Carriers, Inc. and Quality Distribution, Inc. (collectively, Defendants) and Plaintiff Clayton Salter (Plaintiff) (jointly, the Parties) hereby submit the following joint statement regarding the Parties' Local Rule 7-3 Conference, pursuant to Section 5(b) of the Court's March 29, 2021 Amended Standing Order (Dkt. 65).

### A.    Date, Communication Method, Participants and Duration

Pursuant to Local Rule 7-3, the Parties met and conferred regarding Defendants' anticipated Motion for Summary Judgment on August 26, 2021 via a Zoom video call. Counsel for Defendants, Christopher Eckhart and E. Ashley Paynter, as well as counsel for Plaintiff, Jennifer Bennett and John Stobart, participated in the conference. The conference was conducted via video due to the COVID-19 pandemic, and because Plaintiff's lead counsel resides in Los Angeles, California, while Defendant's lead counsel resides in Indianapolis, Indiana. The conference lasted approximately thirty minutes.

### B.    Issues Discussed and Remaining

#### 1.    Defendants' Anticipated Motion for Partial Summary Judgment

Prior to the Parties' August 26, 2021 conference, counsel for Defendants sent counsel for Plaintiff an email on August 20, 2021 that provided the following overview of the issues upon which Defendants intend to move for summary judgment:

*Meal and Rest Break Claims*: Defendants intend to argue that Plaintiff's meal and rest break claims are preempted based on two sources of federal law: (1) the Federal Motor Carrier Safety Administration's (FMCSA's) order providing that such claims are preempted as applied to property-carrying commercial motor vehicles subject to the FMCSA's hours of service regulations, as affirmed by the Ninth Circuit in Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin., 986 F.3d 841 (9th Cir. 2021); and (2) the Pipeline and Hazardous Materials Safety Administration (PHMSA) determination that such claims are preempted under 49 U.S.C. 5125(a)(1) and 49 U.S.C. 5125(a)(2) "with respect to all drivers of motor vehicles that are transporting hazardous

1

materials" because they "create an unnecessary delay in the transportation of hazardous materials." Hazardous Materials: California Meal and Rest Break Requirements, 83 FR 47961-01 (Sept. 21, 2018).

*Minimum Wage Claim*: Defendants intend to argue that Plaintiff has failed to identify any minimum wage violations that could form the basis of such a claim.

*Truck Acquisition Costs*: Defendants intend to argue that costs incurred by Plaintiff to furnish a truck used to provide delivery services under the terms of his Independent Contractor Agreement are not recoverable under Cal. Lab. Code §§ 2802 or 221. *Estrada v. FedEx Ground Package System, Inc.*, 64 Cal. Rptr. 3d 327, 347 (Cal. Ct. App. 2007) (affirming the DLSE's long-standing determination that employers need not indemnify employees for expenses incurred to provide a vehicle used in employment); *Henry v. Cent. Freight Lines, Inc.*, 2019 WL 2465330, at *6 (E.D. Cal. June 13, 2019) ("under California law, an employer is not required to reimburse employee-drivers for the costs of purchasing or leasing their vehicle").

*Preemption by the Federal Leasing Regulations*: Defendants intend to argue that Plaintiff's claims alleging that they took unlawful deductions from Plaintiff's pay under Cal. Lab. Code § 221 and that Defendants failed to reimburse him for business expenses under Cal. Lab. Code § 2802 are preempted by the Federal Leasing Regulations.

*Deductions Authorized Pursuant to Cal. Lab. Code § 224*: Defendants intend to argue that Plaintiff's claims alleging that they took unlawful deductions from Plaintiff's pay must fail because the deductions are authorized under Cal. Lab. Code § 224.

*Unlawful Deductions*: Defendants intend to argue that Plaintiff's unlawful deductions claim under Cal. Lab. Code § 221 fails for the additional reason that there is no private right of action for such a claim.

*Waiting Time Penalties*: Defendants will argue that Plaintiff cannot recover waiting time penalties because he does not have any viable claims for late paid wages.

During the August 26, 2021 conference, counsel for Defendants explained the bases for their anticipated motion regarding each of the issues described above. Counsel

for Plaintiff explained their position that Defendants are not entitled to summary judgment on any of those issues. The Parties' discussion included conversation about Defendants' anticipated request for summary judgment on Plaintiff's meal and rest break claims. Counsel for Defendants' explained that in light of Defendants' position that Plaintiff is is subject to the federal hours of service regulations, and the Ninth Circuit's affirmation of the FMCSA's determination that California's meal and rest break rules cannot be applied to drivers of property-carrying commercial motor vehicles subject to the hours of service regulations in *Int'l Bhd. of Teamsters*, Plaintiff's meal and rest break claims must be dismissed. Counsel for Plaintiff stated that Plaintiff intends to oppose that request on several grounds, including that the FMCSA's preemption determination does not apply to him because he qualified as a "short-haul driver," as that term is defined by the Federal Motor Carrier Safety Regulations, and that the FMCSA's preemption determination is not retroactive.

Regarding Defendants' anticipated request for summary judgment on Plaintiff's minimum wage claim, counsel for Plaintiff agreed to provide examples of minimum wage violations Plaintiff alleges he suffered. Plaintiff explained that he was not compensated for some of the duties he performed for Defendants. Plaintiff will argue that, as the Ninth Circuit explained in *Ridgeway v. Walmart*, 946 F.3d 1066 (2020), California law does not permit employers to take a worker's entire salary and divide it by the number of hours worked to ensure that minimum wage was paid for all activities. Instead, employers must pay workers specifically for each activity and time spent working. Thus, even if Quality paid or exceed minimum wage for Mr. Salter's time spent actually delivering cargo, it is Plaintiff's view that a jury could find that he was not paid at all for any other activities. For example, he was required to wash the trailer, which was owned by Defendants, attend meetings, and conduct inspection, but was not paid for the time it took to accomplish these duties.

While the Parties discussed the remaining factual and legal bases for the Defendants' anticipated Motion, the Parties were not able to reach a resolution of any

of the relevant issues. Accordingly, Defendants intend to proceed with filing their Motion for Summary Judgment on or before the Court-ordered deadline of September 3, 2021.

### 2. Plaintiff's Anticipated Motion for Partial Summary Judgment

Prior to the Parties' August 26, 2021 conference, counsel for Plaintiff sent counsel for Defendants an email on August 25, 2021 that provided the following overview of the issues upon which Defendants intend to move for summary judgment:

Plaintiff will move for partial summary judgment and request an order deeming him an employee of QCI on all alleged causes of action pursuant to *Dynamex Ops. W. Inc. v. Superior Court*, 4 Cal.5th 903 (2018) on the grounds that QCI cannot establish he performed work outside the usual course of QCI's business. Cal. Lab. Code, § 2775, subd. (b)(1)(B); *Gonzales v. San Gabriel Transit, Inc*., 40 Cal. App. 5th 1131, 1160 (2019).

The parties met and conferred on this subject including whether Defendant contends it is not in the motor carrier business, what causes of action are subject to the Dynamex "ABC" test, and preemption, but were unable to come to a consensus on any of the disputed issues.

Respectfully submitted,

Dated: August 30, 2021         THE KICK LAW FIRM

                     By:    */s/ John E. Stobart*
                          John E. Stobart

                   Attorneys for Plaintiff, Clayton Salter

Dated: August 30, 2021         SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.

By:   */s/ Christopher J. Eckhart*
      Christopher J. Eckhart

Attorneys for Defendants, Quality Carriers, Inc.
and Quality Distribution, Inc.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Christopher J. Eckhart, hereby attest that all signatories on whose behalf this filing is submitted concur in the content of this filing and have authorized the filing.

/s/ *Christopher J. Eckhart*
Christopher J. Eckhart

4833-9283-8393, v. 4