Christopher C. McNatt, Jr. (SBN 174559)
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Christopher J. Eckhart (SBN 331414)
ceckhart@scopelitis.com
E. Ashley Paynter (SBN 333428)
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Attorneys for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY CARRIERS, INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00479-JFW-JPR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: October 4, 2021<br>Time:         1:30 PM<br>Courtroom:    7A<br>Judge:        Hon. John F. Walter |

Jared S. Kramer, admitted *Pro Hac Vice*
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
P: 312-255-7200
F: 312-422-1224

Andrew R. Brehm, admitted *Pro Hac Vice*
abrehm@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
330 E. Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
P: 414-219-8500
F: 414-278-0618

Attorneys for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

PLEASE TAKE NOTICE that on October 4, 2021, at 1:30 p.m., in Courtroom 7A of the United States District Court for the Central District of California, United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, of the Honorable John F. Walter, or as soon thereafter as the parties may be heard, Defendants, Quality Carriers, Inc. (Quality) and Quality Distribution, Inc. (Quality Distribution) (collectively, Defendants), will move, and hereby respectfully request, the Court to enter summary judgment in its favor on the first through fourth, sixth and seventh causes of action asserted by Plaintiff, Clayton Salter (Salter), in his First Amended Complaint (Dkt. No. 51). Summary Judgment is required on those claims for the following reasons, which are explained in greater detail in Defendants' accompanying Memorandum of Points and Authorities and Statement of Uncontroverted Facts and Conclusions of Law.

1. Salter's first and second causes of action alleging violations of California's meal and rest break rules are preempted by the Federal Motor Carrier Safety Administration's (FMCSA's) Hours of Service Regulations, pursuant to the FMCSA's December 28, 2018 grant of petition for determination of preemption, 83 Fed. Reg. 67470 (Dec. 28, 2018).

2. Salter's first and second causes of action alleging violations of California's meal and rest break rules are also preempted by the federal Hazardous Materials Regulations (HMRs) governing the transport of hazardous materials in interstate commerce, pursuant to the Pipeline and Hazardous Materials Safety Administration (PHMSA) Notice of Administrative Determination of Preemption, 83 Fed. Reg. 47961 (Sept. 21, 2018).

3. Salter's third cause of action alleging failure to pay the minimum wage fails as a matter of law because Salter has not proffered any evidence of work he performed for which he was not paid under the terms of the Independent Contractor Agreements (the Agreements) he entered into with Quality. *See Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762, 781 (2020).

4. Salter's fourth cause of action alleging that Defendants failed to pay Salter all wages owed at the time of his termination fails as a matter of law because Salter does not have any viable underlying claim for late paid wages.

5. Salter's sixth and seventh causes of action alleging that Defendants failed to indemnify him for business expenses he incurred and took unlawful deductions from his wages, respectively, are preempted by the FMCSA's Federal Leasing Regulations, 49 C.F.R. 376.12.

6. Salter's unlawful deductions claim also fails as a matter of law because any deductions taken from compensation paid to Salter are statutorily authorized under California Labor Code § 224.

7. Salter's unlawful deductions claim fails for the additional reason that no private right of action exists to pursue such a claim. *See, e.g. Gatdula v. CRST Int'l, Inc.*, No. LACV111285VAPOPX, 2017 WL 11093975, at *3 (C.D. Cal. Mar. 3, 2017).

8. Salter cannot pursue his unreimbursed expenses claim (his sixth cause of action) or his unlawful deductions claim (his seventh cause of action) to recover costs he incurred to furnish a truck used to provide delivery services under the terms of his Agreements with Quality. *See Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1 (2007).

9. This motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on August 26, 2021.

WHEREFORE, Defendants respectfully request that the Court grant this motion and enter summary judgment in their favor on Salter's first through fourth, sixth and seventh causes of action alleged in his First Amended Complaint.

Dated: September 3, 2021  Respectfully submitted,

*/s/ Christopher J. Eckhart*
Christopher J. Eckhart

Attorney for Defendants, Quality Carriers, Inc. and Quality Distribution, Inc.

4845-5970-9689, v. 3

2