Taras Kick (State Bar No. 143379)
taras@kicklawfirm.com
Greg Taylor (State Bar No. 315128)
greg@kicklawfirm.com
THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:    (310) 395-2088

Matthew W.H. Wessler admitted *pro hac vice*
matt@guptawessler.com
Jennifer D. Bennett (State Bar No. 296726)
jennifer@guptawessler.com
GUPTA WESSLER PLLC
1900 L Street NW Suite 312
Washington, D.C. 20036
Telephone:   (202) 888-1741
Facsimile:    (202) 888-7792

Attorneys for Plaintiff Clayton Salter, individually
and on behalf of all others similarly situated

(additional counsel listed on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION INC., a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No:  2:20-cv-00479-JFW-JPR<br><br>Assigned to the Honorable John F. Walter<br><br>**JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT** |

THE KICK LAW FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

Christopher J. Eckhart (SBN 331414)
ceckhart@scopelitis.com
E. Ashley Paynter (SBN 333428)
apaynter@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
P: 317-637-1777
F: 317-687-2414

Rebecca R. Brown (SBN 315338)
rbrown@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, LLP
2 North Lake Ave., Suite 560
Pasadena, CA 91101
P: 626-795-4700
F: 626-795-4790

Jared S. Kramer, admitted *Pro Hac Vice*
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON &
FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
P: 312-255-7200
F: 312-422-1224

Attorneys for Defendants,
Quality Carriers, Inc. and Quality Distribution, Inc.

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

2

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S
WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Clayton Salter ("Plaintiff") and Defendants Quality Carriers, Inc. and Quality Distribution, Inc. (collectively, "Defendants" or "Quality") (Plaintiff and Defendants collectively, the "Parties") respectfully submit this Joint Stipulation for an Indicative Ruling regarding the Court's Willingness to Consider Motions for Approval of Class Action Settlement (the "Motion"), pursuant to Fed. R. Civ. P. 62.1(a)(3).

## I.   INTRODUCTION

This case is currently on appeal in the United States Court of Appeals for the Ninth Circuit. While on appeal, the Parties reached a settlement with the assistance of a mediator, which will resolve all issues arising in this action on a class-wide basis without the need for any further appellate proceedings.   A true and correct copy of the Parties' fully executed Settlement Agreement is attached as Exhibit A to the Declaration of Taras Kick ("Kick Decl.").

Because the Parties' agreement settles Plaintiff's claims on a class-wide basis, the Court must approve it before it can go into effect. Fed. R. Civ. P. 23(e). In order for the Court to rule on the Parties' anticipated motions for preliminary and final approval of the settlement, it must have jurisdiction over the case. Accordingly, after reaching the settlement, the Parties filed a motion with the Ninth Circuit to stay all appellate proceedings and issue a limited remand of the case so that the Parties may seek the district court's approval of the class action settlement under Federal Rule of Civil Procedure 23(e). The Ninth Circuit granted the motion to stay but denied the request for a limited remand "without prejudice to filing a renewed motion accompanied by an indication that the district court is willing to consider settlement proceedings." Kick Decl., Ex. B (citing Fed. R. App. P. 12.1(b)). Consistent with the Ninth Circuit's directive, the Parties are submitting this joint stipulation to respectfully request that the Court issue an indicative ruling stating that it is willing to consider settlement proceedings. This will allow for a limited remand of the action from

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

the Ninth Circuit so that the Court may then consider the proposed settlement in accordance with

Fed. R. Civ. P. 23. *See* Fed. R. App. P. 12.1(b).

## II.    PROCEDURAL HISTORY

On October 3, 2019, Plaintiff filed a Class Action Complaint against Defendants in Los Angeles County Superior Court alleging ten causes of action based on wage and hour violations. Plaintiff brought the action on behalf of himself and all current and former truck drivers who, either individually or through a business entity, entered into an Independent Contractor Agreement with Quality Carriers, Inc., and who performed delivery services under Quality Carriers, Inc.'s federal motor carrier operating authority, out of a terminal located in California at any time during the Class Period.

On January 16, 2020, Defendants removed the case to United States District Court for the Central District of California, where it was assigned Case No. 2:20-cv-00479-JFW-JPR. On February 10, 2020, Plaintiff filed a Motion to Remand the case to Los Angeles Superior Court, which the Court granted on March 12, 2020. ECF No. 39. On appeal, the Ninth Circuit reversed the Court's remand order and remanded the case to this Court. On October 2, 2020, the Court ordered the case re-opened. ECF No. 40.

On November 5, 2020, Plaintiff filed a First Amended Complaint ("FAC"), dropping his overtime and record keeping claims. ECF No. 47-1.[1]

On February 26, 2021, Plaintiff filed a Motion for Class Certification, which the Court denied on April 9, 2021. ECF No. 54; ECF No. 76.  On June 7, 2021, the Ninth Circuit granted Plaintiff's petition for permission to appeal the Court's April 9, 2021 order denying class

---

[1] As part of the proposed Settlement, the Parties have stipulated to the filing of a Second Amended Complaint ("SAC"), which will add a cause of action under California's Private Attorneys General Act ("PAGA"), Lab. Code §§ 2698-2699.5, as this is a part of the proposed settlement. The SAC will be the same as the FAC in all other respects.

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

1 certification. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co*., 402 F.3d 952 (9th Cir.

2 2005). Plaintiff perfected that appeal in accordance with Federal Rule of Appellate Procedure 5(d)

3 and filed his opening brief on December 15, 2021. Ninth Circuit Dkt. No. 23. Defendants filed

4 their answering brief on March 16, 2022. Ninth Circuit Dkt. No. 32.

5      In September 2021, both Parties moved for partial summary judgment. ECF Nos. 86-1, 88,

6 94. On October 27, 2021, the Court granted Defendants' Motion for Partial Summary Judgment.

7 ECF No. 127. The Court entered its order granting final judgment to Defendants on all claims on

8 November 9, 2021. ECF 129. On November 29, 2021, Plaintiff filed a timely notice of appeal of

9 this Court's November 9, 2021 Judgment. ECF No. 132. On April 3, 2022, the Ninth Circuit

10 Consolidated the two appeals. Ninth Circuit Dkt. No. 42.  On April 15, 2022, Plaintiff filed an

11 Opening Brief for review in the second appeal. Ninth Circuit Dkt. No. 45.

12     On July 15, 2022, the Parties filed a Joint Motion to Stay Appellate Proceedings Pending

13 Settlement. Ninth Circuit Dkt. No. 53. The Ninth Circuit granted the Parties' joint motion to stay

14 appellate proceedings on August 3, 2022, and appellate proceedings are stayed until October 3,

15 2022, to allow this Court to indicate whether it is "willing to consider settlement proceedings."

16 Ninth Circuit Dkt. No. 54.[2]

17     If this Court indicates it is willing to consider settlement proceedings, the Parties will then

18 seek an order from the Ninth Circuit for limited remand of the case for the purpose of allowing

19 this Court to determine whether to approve the Parties' settlement.

20

21

22

23

24

[2] A copy of the Ninth Circuit's order staying appellate proceedings is additionally attached to the Kick Declaration as Exhibit B.

THE KICK LAW FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

## III.   ARGUMENT

### A.  Fed. R. Civ. P. 62.1(a)(3) Authorizes the Court to Issue an Indicative Ruling

Most of the time, "a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The limited remand procedure invoked here is an exception to that rule.

In the Ninth Circuit, this procedure originated with *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976). Limited remands became so "widely accepted" across the federal system that the procedure "has now been codified into the Federal Rules." *Dominguez v. Gulf Coast Marine & Assocs.*, 607 F.3d 1066, 1074 n.5 (5th Cir. 2010). The trial and appellate rules now contain intertwined provisions guiding the limited remand process. Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1.

"The procedure that must be followed under Rule 62.1 first involves asking the District Court to indicate what it would do with the question, or at least consider whether there is a serious issue raised." *Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011). Rule 62.1 instructs:

> (a) **Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). The trial judge's "suggestion for remand" pursuant to subsection (3) is called, by custom and practice, an "'indicative ruling.'" *Id.*, Adv. Comm. Notes (2009 Adoption).

If this Court is "inclined to grant the request for an indicative ruling," the next step "is to tell the Parties and the Circuit Court of [this] intent." *Defenders of Wildlife*, 776 F. Supp. 2d at

THE KICK LAW FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

6

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

1182. It is then "up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule." *Id.* If the Ninth Circuit ultimately grants remand, it nonetheless "retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

To be clear, an indicative ruling "does not tie" this Court "to a particular ruling" on Plaintiff's subsequent motion for preliminary or final approval of the Settlement. *In re DirecTV Early Cancellation Fee Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1060, 1066 (C.D. Cal. 2011) (asking Ninth Circuit to grant limited remand in light of intervening appellate precedent), *rev'd, in part, on other grounds sub nom. Lombardi v. DirecTV, Inc.*, 546 Fed. App'x. 715 (9th Cir. 2013). Rather, an indicative ruling simply conveys the Court's willingness to address Plaintiff's motion, seeking approval on the merits once the Ninth Circuit temporarily restores jurisdiction to this Court via a limited remand. *Id.*

If the Court issues an indicative ruling, the parties will "promptly notify" the Ninth Circuit clerk. Fed. R. Civ. P. 62.1(b). Concurrent with that notification, the parties will ask the Ninth Circuit to order a limited remand. *See* Fed. R. App. P. 12.1(b).

**B. This Court Should Indicate Its Willingness to Consider Settlement Proceedings**

The Parties have reached a settlement of Plaintiff's claims on a class-wide basis which, if approved, would resolve this litigation in its entirety. As set forth in more detail in the Settlement Agreement, the settlement calls for a $3 million cash payment by Quality to a settlement fund, with no reversion to Defendants. Kick Decl. Ex. A, § VIII(E)(2). This settlement was reached after the Parties engaged in significant written discovery and multiple depositions as well as litigation of Plaintiff's motion for class certification, the Parties' cross-motions for summary judgment and extensive arm's-length negotiations, including two full-day mediations before experienced retired judges with extensive wage-and-hour experience. Kick Decl., ¶¶ 2-3. Moreover, Class Counsel are experienced in class actions, including wage-and-hour class actions. The investigation and

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

7

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S
WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

1  procedural posture of the Action were such that counsel was fully informed of the strengths and

2  weaknesses of the litigation. Under such circumstances, the Settlement is entitled to a

3  "presumption of fairness," and there is no reason to doubt that the Court should consider whether

4  to approve the Settlement. *Ward v. Servicemaster Co.*, No. CV 07– 1380–GW(PJWx), 2008 WL

5  11342707, at *4 (C.D. Cal. Aug. 21, 2008). Accordingly, the Court should issue an indicative

6  ruling stating that it "is willing to consider settlement proceedings." Kick Decl., Ex. B.

7  It is beyond dispute that there is an "overriding public interest" in the settlement of

8  disputes:

9  > The Ninth Circuit is firmly committed to the rule that the law favors and encourages
10  > compromise settlements. There is an overriding public interest in settling and quieting
   > litigation. It is well recognized that settlement agreements are judicially favored as a matter
   > of sound public policy. Settlement agreements conserve judicial time and limit expensive
11  > litigation.

12  *Camacho v. City of San Luis*, 359 Fed. App'x. 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent.*

13  *Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988)). This is particularly true where, like here,

14  "complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th

15  Cir. 1992).

16  While the settlement of most private-party disputes does not require judicial approval, and

17  can potentially be effectuated notwithstanding an underlying judgment or dismissal, class action

18  settlements such as this one require judicial approval pursuant to Fed. R. Civ. P. 23. *Officers for*

19  *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 623 (9th Cir. 1982). This approval requires

20  several steps. Plaintiff must first seek preliminary approval of the Settlement and the certification

21  of a settlement class. Fed. R. Civ. P. 23(c)(1), (e)(3). Assuming the Court grants both, Class

22  members will receive notice and an opportunity to object to or opt out from the Settlement. Fed.

23  R. Civ. P. 23(b)(3), (c)(2)(B), (e)(1), (e)(5). The Court will then consider final approval and

24  conduct a fairness hearing. Fed. R. Civ. P. 23(e)(2). Assuming the Court finds the settlement "fair,

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

8

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S
WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), and no Class member appeals from the rulings the Court issue on the limited remand, the Settlement will become final. The Parties will thereafter file a motion or stipulation with the Ninth Circuit to dismiss the pending appeal as moot. *See* Fed. R. App. P. 42(b).

This procedure for approval, however, cannot occur without the remand of this action from the Ninth Circuit, which requires an indicative ruling from this Court to consider whether to approve the Settlement. *See Maine v. Taylor*, 477 U.S. 131, 144-45 (1986) ("[F]actfinding 'is the basic responsibility of district courts, rather than appellate courts'").

While the Parties are not yet asking the Court to approve the Settlement – only to indicate, in the Ninth Circuit's words, that "it is willing to consider settlement proceedings" – there is no reason to believe that the Settlement suffers from any deficiencies that would warrant denial of preliminary approval. Courts in this district consider four factors in deciding whether to grant preliminary approval of a settlement. Those include whether the settlement (1) is "the product of serious, informed, non-collusive negotiations"; (2) "has no obvious deficiencies"; (3) "does not improperly grant preferential treatment to class representatives or segments of the class"; and (4) "falls within the range of possible approval," considering the value of the settlement, the risk of continued litigation, and the scope of the release. *Smith v. Experian Info. Sols., Inc.*, No. 17-cv-629, 2020 WL 4592788, at *5 (C.D. Cal. Aug. 10, 2020).

Each of those factors are met here: (1) the settlement was reached through arm's-length negotiations by experienced counsel through experienced mediators; (2) the settlement provides a substantial recovery for the settlement class on their claims; (3) the settlement does not grant preferential treatment to Plaintiff or to any one segment of the proposed settlement class; and (4) the settlement reflects a fair balance of Plaintiff's expected recovery on behalf of the class against the risk of future litigation, particularly given the uncertainty the Parties face regarding the

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

1    outcome of the two appeals currently pending before the Ninth Circuit. If the Court issues an

2    indicative ruling and the Ninth Circuit issues a limited remand, Plaintiff will promptly file a motion

3    for preliminary approval of the settlement for the Court's consideration.[3]

4    **IV.    CONCLUSION**

5        For all these reasons, the parties respectfully request that the Court issue an Order, pursuant

6    to Federal Rule of Civil Procedure 62.1(a), indicating that it is willing to consider settlement

7    proceedings in this case.

8                                                  Respectfully submitted,

9    DATED:  September 23, 2022                     GUPTA WESSLER PLLC
                                                    Matthew Wessler admitted *pro hac vice*
10                                                  matt@guptawessler.com
                                                    Jennifer Bennett (State Bar No. 296726)
11                                                  jennifer@guptawessler.com
                                                    1900 L Street NW Suite 312
12                                                  Washington, D.C. 20036
                                                    Telephone: (202) 888-1741
13                                                  Facsimile: (202) 888-7792

14                                                  THE KICK LAW FIRM, APC

15
                                             By:    /s/ Taras Kick
16                                                  Taras Kick
                                                    Greg Taylor
17                                                  Attorneys for Plaintiff Clayton Salter and
                                                    the Putative Class

18

19

20

21

22

23

24

---

[3] While the Parties have not included Plaintiff's motion for preliminary approval as an attachment to this stipulation, Plaintiff will submit the motion on request should the Court prefer to review it before issuing an indicative ruling.

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S
WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

DATED:  September 23, 2022

SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, P.C.


By:   /s/ Christopher Eckhart
      Christopher J. Eckhart
      E. Ashley Paynter
      Jared S. Kramer
      Attorneys for Defendants Quality Carriers,
      Inc. and Quality Distribution, Inc.

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Taras Kick, hereby attest that all signatories on whose behalf this filing is submitted concur in the content of this filing and have authorized the filing.

      /s/ Taras Kick
      Taras Kick


4867-6907-5505, v. 1

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES
CALIFORNIA 90049

JOINT STIPULATION FOR AN INDICATIVE RULING UNDER RULE 62.1(A) REGARDING THE COURT'S WILLINGNESS TO CONSIDER MOTIONS FOR APPROVAL OF CLASS ACTION SETTLEMENT

## CERTIFICATE OF SERVICE

I hereby certify that on Sept 26, 2022, a copy of the foregoing was electronically filed via the Court's electronic case management system (CM/ECF), and served upon all attorneys of record registered to receive such notice.

/s/ Taras Kick