UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON SALTER, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>QUALITY CARRIERS INC., an Illinois Corporation; QUALITY DISTRIBUTION, INC., a Florida Corporation,<br><br>　　　　　Defendants. | Case No: 2:20-cv-00479-JFW-JPRx<br><br>Hon. John F. Walter<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS;**<br><br>**FINAL JUDGMENT THEREON**<br><br>Date:　　　　March 27, 2023<br>Time:　　　　1:30 p.m.<br>Courtroom:　7A |

　　　　Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of Settlement Class ("Motion for Final Approval") came before this Court on March 27, 2023, at 1:30 p.m. in *Salter v. Quality Carriers, Inc., et al.,* U.S. District Court for the Central District of California, Case No. 2:20-cv-00479-JFW-JPR (the "Action").

Having fully reviewed the Motion for Final Approval and declarations filed in support thereof, including the Joint Stipulation of Settlement and Release of Class Action ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Taras Kick in Support of Motion for Final Approval of Class Action Settlement and Certification of Settlement Class ("Declaration of Taras Kick"), and good cause appearing, THE COURT HEREBY ORDERS AS FOLLOWS:

1. Plaintiff's Motion for Final Approval is hereby granted and Judgment is entered as stated herein.

2. All terms used herein shall have the same meaning as given them in the Settlement Agreement.

3. The Court has jurisdiction over all claims asserted in the Action, Plaintiff Clayton Salter ("Plaintiff"), Class Members and Defendants Quality Carriers, Inc. and Quality Distribution, Inc. ("Defendants").

4. The Court hereby certifies and binds the following Class Members and Class, for settlement purposes only:

> All current and former truck drivers who, either individually or through a business entity, entered into an Independent Contractor Agreement with Quality Carriers, Inc., and who performed delivery services under Quality Carriers, Inc.'s federal motor carrier operating authority, out of a terminal located in California at any time during the period from October 3, 2015, through January 4, 2023 ("Class Period").

5. The Court also hereby binds the State of California as to the following PAGA Members:

> All Settlement Class Members that worked for Defendants during the period from October 3, 2018, through January 4, 2023 ("PAGA Period").

6. Distribution of the Class Notice directed to the Class Members as set forth in the Settlement Agreement has been completed in conformity with this Court's Order Granting Preliminary Approval of Class Action Settlement and Certification of

Settlement Class ("Preliminary Approval Order"), including individual notice to all Settlement Class Members identified by Defendants' records and the best practicable notice under the circumstances. The Class Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement. The Class Notice provided adequate and appropriate notice to all persons entitled to such Class Notice and therefore fully satisfied due process requirements. All members of the Class are covered by and included within the Settlement and within this Final Approval Order and Final Judgment. Full opportunity was given to the Class Members to opt out of the Settlement, object to the terms of the Settlement, including Class Counsel's request for attorneys' fees, costs, and service award to Plaintiff, and otherwise participate in the hearing on Final Approval held on March 27, 2023. No Class Members have opted out of or objected to the Settlement.

7. The Court hereby finds that the Settlement was entered into in good faith and has been reached as a result of serious and non-collusive arm's-length negotiations between Plaintiff and Defendants. The Court further finds that Plaintiff has satisfied the standards and applicable requirements for final approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby approves the Settlement and finds that the Settlement is fair, reasonable, and adequate as to all Class Members, and directs the Parties to effectuate the Settlement according to its terms and provisions, and in compliance with this Final Approval Order and Final Judgment.

9. Upon entry of this Final Approval Order and Final Judgment, and in consideration for Defendants' payment of the Gross Settlement Amount, Plaintiff and each member of the Settlement Class shall be deemed to have fully and finally, and forever released the Released Parties from all Released Class Claims set forth in the Settlement Agreement.

10. The State of California, by and through Plaintiff, who is a PAGA Representative, shall have, by operation of this Final Approval Order and Final

Judgment, fully, finally and forever released, relinquished, and discharged Released Parties from all Released PAGA Claims set forth in the Settlement Agreement.

11.  The Settlement is not an admission by Defendants of the merits of any claim in the Action or of any wrongdoing. Neither the Settlement Agreement, nor any document referenced therein, nor any action taken to carry out this Settlement Agreement, shall be (a) construed as or used as an admission of liability or an admission that any of Defendants' defenses in the Action are with or without merit, or (b) disclosed, referred to, or offered in evidence against Defendants in any further proceeding except for purposes of effectuating the Settlement. However, the Settlement may be admitted in evidence and otherwise used in any proceeding to enforce its terms, or in defense of any claims released or barred by the Settlement.

12.  The Court hereby certifies as Class Counsel, Taras Kick and Greg Taylor of The Kick Law Firm, and Matt Wessler and Jennifer Bennett of Gupta Wessler PLLC.

13.  The Court approves the Gross Settlement Amount, as set forth in the Settlement Agreement, of Three Million Dollars and Zero Cents ($3,000,000.00).

14.  The Court orders the Settlement Administrator, Simpluris, Inc. ("Simpluris"), to distribute the Gross Settlement Amount including Individual Settlement Payments to the Settlement Class in accordance with the terms of the Settlement Agreement.

15.  Under the terms of the Settlement, and after consideration of the authorities, evidence, and argument set forth in the Motion for Final Approval, the Court hereby grants an award to Class Counsel of attorneys' fees in the amount of $1,000,000.00, which is less than Class Counsel's actual lodestar in this matter. The Court finds that Class Counsel's request is fair and reasonable for this case, including that the results achieved in this particular case justify the award. The Court finds that Class Counsel's request for attorneys' fees is reasonable under the common fund method in light of the benefit obtained for the Class, in light of the risk involved in the case, in light of the complexity and sophistication of the work, including appellate work before the U.S.

Court of Appeals for the Ninth Circuit, and in light of the fact that a lodestar cross-check demonstrates that the fee amount being awarded is less than Class Counsel's lodestar. Further, the fee amount sought was disclosed to class members, and no class member has objected to it nor opted out of the settlement. The Court separately also finds that Class Counsel's request for attorneys' fees is reasonable under the lodestar method, in that Class Counsel's hourly rates are in line with rates prevailing in the community for work of this nature, that the number of hours Class Counsel spent prosecuting the Action is reasonable given the work which was performed, the work by Class Counsel was of high caliber, and the case had substantial risk. The Court also has reviewed the costs and expenses of $35,491.23 by Class Counsel in prosecution of this matter and finds they were to the benefit of the prosecution of the case and reasonable and approves them. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Settlement, and as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel.

16. The Court further approves the payment of Five Thousand One Hundred Dollars and Zero Cents ($5,100.00) to Simpluris for Settlement Administration Costs and orders this payment to be made in accordance with the Settlement Agreement.

17. The Court further approves the payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00) to Plaintiff Clayton Salter for his Class Representative Service Award, and orders this payment to be made in accordance with the terms of the Settlement Agreement.

18. The Court further approves the PAGA Penalties amount, which shall constitute One Hundred and Fifty Thousand Dollars and Zero Cents ($150,000.00), and orders payment to be made to the Labor and Workforce Development Agency ("LWDA") and the PAGA Members in accordance with the terms of the Settlement Agreement.

19. The Court hereby approves the plan for transferring uncashed Individual Class Payment and Individual PAGA Payment checks to the parties' proposed *cy pres*

recipients, 50% to Public Citizen Foundation and 50% to Bet Tzedek, after the parties have informed the Court of the amount of uncashed checks. If a Class Member fails to receive or cash his or her Individual Class Payment check or Individual PAGA Payment, then the affected Class Member shall be deemed bound to the Settlement, nonetheless.

20. The Court directs and authorizes Counsel for the Parties to utilize all reasonable procedures in connection with the further administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

21. The Parties shall bear their own respective attorneys' fees and costs, except as otherwise provided for in this Order or in the Settlement Agreement and as later approved by the Court.

22. Within thirty (30) calendar days of the date of the Effective Date of the Settlement, as set forth in the Settlement Agreement, Defendants shall distribute the Gross Settlement Amount to the Settlement Administrator according to the terms of the Settlement Agreement.

23. The Court shall have and retain continuing jurisdiction over the Action and over all Parties and the Settlement Class to the fullest extent necessary solely to address, enforce, and effectuate the terms of the Settlement and this Final Approval Order and Final Judgment to enforce the terms of the Settlement and this Final Approval Order and Final Judgment.

24. If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and Final Judgment shall be vacated and shall be of no further force or effect.

IT IS SO ORDERED this 27th day of March 2023.

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE